## DUNLAP v. MOREAN.

No. 10694—Opinion Filed July 25, 1922.

(Syllabus.)

1. **New Trial—Grounds—Inadequate or Excessive Recovery.**

In an action coming within the purview of subdivision 5, section 5033, Rev. Laws 1910, a verdict for a grossly inadequate amount stands upon no higher ground in legal principle, or in the rules of law, than a verdict for an excessive or extravagant amount, and a new trial should be granted upon the one ground as well as upon the other.

2. **Same — Nominal Damages for Injury to Personalty.**

In an action for damages for injury to personal property, where the evidence affords a reasonably certain measure of damages, and the evidence disclosed that substantial damages were sustained and the jury only awarded nominal damages, held, it is error for the trial court not to set aside the verdict, and grant a new trial.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Fred R. Dunlap against Harland Morean . for damages to personalty. Judgment for plaintiff for less than sued for, and he brings error. Reversed and remanded.

Geo. A. Henshaw and A. Carey Hough, for plaintiff in error.

Ross & Thurman, for defendant in error.

McNEILL, J. This action was commenced in the district court of Oklahoma county by Fred R. Dunlap against Harland Morean to recover damages for injury to his automobile caused by the defendant Morean negligently running his automobile into the car of plaintiff. The defendant filed an answer by way of general denial, and a cross-petition and alleged damages to his automobile caused by the carelessness and negligence of the plaintiff in running into the defendant. The case was tried to a jury, and a verdict rendered in favor of the plaintiff and assessing the amount of damages at $1. From said judgment the plaintiff has appealed.

For reversal, it is contended there was error in the verdict of the jury in assessing the amount of recovery because the damages assessed are grossly inadequate and under the actual and substantial damages established by the evidence. It is conceded that the actual damages suffered to plaintiff's car were greatly in excess of the damages awarded. The court in instruction No. 7 advised the jury, in substance, if they believed from a preponderance of the evidence that both plaintiff and defendant were guilty of negligence as defined in the instructions and such negligence of the plaintiff and defendant combined and concurred, and that the same was the proximate cause of the damages to both plaintiff and defendant, then the jury should return a verdict in favor of defendant on plaintiff's petition, and for plaintiff on defendant's cross-petition, naming no amount for either plaintiff or defendant. The instructions were excepted to, but neither party complains, in his brief, of the instructions given. The evidence in the case was conflicting, and no doubt was sufficient to support a verdict either for the plaintiff or for the defendant.

The jury, by its verdict, found the issues in favor of plaintiff, which under the instructions of the court entitled plaintiff to a judgment for the damages sustained. It is admitted this was not done.

This court, in the case of Snyder v. Stribling, 18 Okla. 168, 89 Pac. 222, stated as follows:

"Appellate courts should see that causes are tried and justice administered according to the forms and requirements of the law, and not hesitate to set aside the verdict of a jury or reverse the judgment of a court where there has been such a departure from settled forms or requirements as has apparently endangered and prejudiced the rights of any litigant."

See Hennessey Oil & Gas Co. v. Neely, 62 Okla. 101, 162 Pac. 214; White v. Dougal, 60 Okla. 200, 159 Pac. 907.

In 20 R. C. L. 283, it is said:

"A verdict for grossly inadequate amount stands upon no higher ground in legal principle, or in the rules of law, than a verdict for an excessive or extravagant amount, and a new trial may be granted upon the one ground as well as upon the other. This is particularly true in actions for breach of contract or for injuries to, or the recovery of, property, where a reasonably certain measure of damages is afforded."

Subdivision 5, section 5033, Rev. Laws 1910, relating to new trial, provides as follows:

"Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property."

The defendant in error, however, contends that under section 6005, Rev. Laws 1910, the error is harmless, in that the evidence disclosed that both parties were guilty of negligence and the verdict of $1 would simply amount to a finding that plaintiff was not entitled to recover. While it is true the evidence is conflicting, the jury might have returned a verdict for either party, yet when they returned the verdict in favor of the plaintiff, this was a finding of fact that the negligence of the defendant was the proximate cause of the injury. Under the instruction of the court, after finding this fact, the plaintiff was entitled to have his damages fixed at an amount that would compensate him for the injury sustained to his property. If the evidence regarding the amount of damages actually sustained was indefinite and uncertain, and it was difficult to ascertain the damages sustained, then the jury would be entitled to return a verdict for only nominal damages.

Under the instructions of the court, it was the duty of the jury, if they found both parties were guilty of negligence, to return a verdict as directed by the court; on the other hand, if they found the proximate cause of the injury was the negligence of one party, it was likewise their duty to return a verdict in favor of the other party and to compensate the party for the actual damages sustained as nearly as possible. The verdict in the case comes squarely within subdivision 5 of section 5033, Rev. Laws 1910, and is too small and inadequate.

The judgment is reversed, and the cause remanded, with instructions to grant plaintiff in error a new trial.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur.