## BUCK v. MILLER.

No. 32595. May 27, 1947.

*181 P. 2d 264.*

G. Earl Shaffer and O. C. Essman, both of Tulsa, for plaintiff in error.

Frank Hickman, of Tulsa, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in plaintiff's favor by the district court of Tulsa county, in an action brought to recover damages for injury and destruction of personal property and for loss of revenue, alleged to have resulted from defendant's negligence. Trial to a jury resulted in a verdict for plaintiff of $3,860, but the trial court required the filing of a remittitur, and judgment was rendered for $2,013.

The pleadings and evidence reflect the following facts: Plaintiff leased a building in the city of Tulsa from defendant, for a period of ten years, at an agreed rental of $150 per month, for the purpose of operating a convalescent nursing home. She took possession of the premises and commenced operations about February, 1943, after having the interior of the building painted and decorated. The lease provided that defendant was to keep the building properly repaired and in good, livable condition.

Shortly after moving into the premises plaintiff called defendant's attention to dampness on the walls (or ceiling) of a second floor room. Defendant agreed to make repairs and took plaintiff's husband onto the roof and applied a liquid preparation in places where there appeared to be a leak. The roof was covered with a composition roofing which was old and brittle, and easily broken when walked upon. Defendant advised plaintiff that he had repaired the roof and that it would not leak.

Some time later, during a rain, the ceiling in another room became damp. This was called to defendant's attention and he again went onto the roof in an attempt to effect needed repairs. Subsequently, further rains caused much leakage and damage in other rooms. This was called to defendant's attention and he attempted further repairs, the final effort being by a roofing company, employed by defendant, to cement strips over the seams in the roof. This was done in the spring of 1944. However, the roof continued to leak so badly that the second floor rooms became unfit for use or human occupancy.

Further rains caused severe leakage and damage to the rooms and furnishings and necessitated plaintiff moving all patients from those rooms. On the advice of their doctors some of the patients left the home, while plaintiff was able to keep others, but only by placing them with patients in other rooms at a reduced rate, thus decreasing the income from her business.

In October, 1944, plaintiff served notice on defendant of her intention to have a new roof placed on the building. Defendant then sought and obtained an injunction to prevent this being done. However, the court appointed arbitrators, who viewed the premises and determined that a new roof was necessary. Defendant thereafter had the building re-roofed and no further damage occurred.

Plaintiff alleged defendant was negligent in failing to use proper materials and skill in his efforts to repair the roof; and that by negligently and carelessly walking over the roof at different times when he had tried to make repairs himself, defendant had loosened and broken the roofing, causing it to leak even more, and that the damage resulting was the direct result of defendant's negligence.

Defendant's demurrer to the petition was overruled, and defendant then filed a general denial. As a further defense defendant alleged contributory negligence in that plaintiff, after discovery of the bad state of repair of the building, was under the duty to notify defendant of such fact, and if defendant then failed to make the necessary repairs within a reasonable time, the plaintiff either should have made the repairs and deducted the cost from the rents, or vacated the premises. See 41 O. S. 1941 §§ 31, 33.

In seeking reversal of this judgment defendant argues two propositions, the first of which is that the trial court erred in giving conflicting and inconsistent instructions upon the issues made by the pleadings.

It is first asserted that instruction No. 3 is in conflict with instructions Nos. 4, 6, and 8. Instruction No. 3 defined proximate cause, ordinary care and negligence and contributory negligence. Instruction No. 4 advised the jury that defendant could be liable only for his active and direct negligence in voluntarily attempting to repair the roof, and

that his negligence had to be the proximate cause of the damage.

By instruction No. 6 the jury was told they should find for defendant if they believed from the evidence that defendant was not "guilty of negligence in the manner in which he repaired or attempted to repair the building."

Instruction No. 8 then advised the jury that defendant was not liable for defects not called to his attention; but if called to his attention and he then made repairs in a negligent manner, liability would arise. Further, that the plaintiff had a right to make repairs and deduct the cost thereof from the rent, or vacate the premises; but that when plaintiff notified defendant of the defects and he tried to repair same, plaintiff had the right to rely upon defendant using ordinary care, and a failure to use such care would render defendant liable.

Defendant insists that instructions 3 and 4 are in conflict in that No. 3 told the jury negligence is an act or omission amounting to a want of ordinary care, while No. 4 stated that defendant would be liable only "for his active and direct negligence" upon the principle of liability for negligence. This, defendant insists, misled the jury because it was not made clear which principle of negligence the trial court had in mind.

Defendant cites decisions from this court to the effect that the giving of contrary or conflicting instructions is prejudicial error. Owens v. Turman Oil Co., 183 Okla. 182, 80 P. 2d 576; Winn et al. v. Corey, 179 Okla. 305, 65 P. 2d 522. While these cases correctly state the rule, we are of the opinion they are inapplicable to the matters urged by defendant.

We are unable to distinguish the conflict claimed by defendant between instruction No. 3, defining negligence, and instruction No. 4, which further told the jury defendant would be liable only for "active and direct negligence." Particu-

larly is this true when in instruction No. 4 it was further pointed out that defendant's liability could arise only if it was found that he entered voluntarily to make the repairs, failed to use due care in the work, and that this was the proximate cause of the damage. Thereafter the jury was specifically told to find for defendant if they determined from the evidence that defendant was not guilty of negligence in the manner in which he attempted to repair the roof.

Defendant further contends that the first paragraph of instruction No. 4 is inconsistent and in conflict with the other two paragraphs of such instruction, which provided as follows:

"You are instructed that the liability of a landlord who undertakes to and does make repairs on the leased premises is only for his active and direct negligence with regard to the subject matter of his undertaking. His negligent act must be the real cause of the injury, and it is for that alone that he is liable.

"In other words, if the landlord voluntarily repairs, and actually enters on the carrying out of his scheme of repair, he will be liable for the want of due care in the execution of the work, upon the principle of liability for negligence, without reference to any question of implied contract or implied consideration.

"You are instructed, however, in this regard that you are governed by the instructions given you in regard to proximate cause and in regard to negligence. In other words, if you do find the defendant was negligent, then you must further find that the negligence was the proximate cause of the damage, if any, which the plaintiff sustained in this case."

In connection with the argument heretofore mentioned, defendant further contends the jury was unable to ascertain from the instruction whether the trial court was referring to active negligence, or the mere failure to repair. This argument is without substantial merit. The jury was advised that de-

fendant could be found liable only for his active and direct negligence in execution of the work, which the jury found to be the proximate cause of the damage. Under no interpretation applied can it be said that the jury was advised that defendant would be liable for damages for failure to repair the premises.

Considered as a whole, the instructions given fairly and adequately advised the jury concerning the law applicable to the issues in this case as presented by the pleadings and the evidence. In such instances instructions given are sufficient. Feuquay v. Ecker, 195 Okla. 285, 157 P. 2d 745; Oklahoma Tax Commission v. Price, 197 Okla. 1, 167 P. 2d 873.

The second subdivision of defendant's first proposition urges that under the issues herein defendant was not liable for his omission or failure to repair this roof, but only for active negligence in making repairs, which proximately caused the damage; or which, by reason of defendant's misrepresentation, warranty or fraud, lulled plaintiff into believing the roof was properly repaired, thus proximately causing the damage.

Supporting this contention defendant insists the statutory remedy given tenants (41 O. S. 1941, supra) is exclusive, and that a tenant cannot recover for damages to personal property in the absence of a warranty, fraud or deceit on the part of the landlord. Thus he argues that, in absence of fraud, deceit or misrepresentation, the plaintiff has no remedy other than to repair at the landlord's expense or move from the premises. Our decisions cited by defendant in behalf of this argument are cases which point out that, by virtue of the statutory remedy, a landlord's failure to furnish needed repairs cannot provide the basis for an action in tort resulting from failure to repair. See Alfe v. N. Y. Life Ins. Co., 180 Okla. 87, 67 P. 2d 947, and Young v. Beattie, 172 Okla. 250, 45 P. 2d 470. This, however, is not the instant case. Here the action was brought to recover for defendant's negligence in attempting to make repairs, which negligence resulted in damage to the plaintiff. The difference is apparent.

In situations such as presented herein a different rule obtains, as announced in Horton v. Early, 39 Okla. 99, 134 P. 436, 47 L.R.A. (N.S.) 314, Ann. Cas. 1915D, 825, reaffirmed in Crane Co. et al. v. Sears, 168 Okla. 603, 35 P. 2d 916, which quotes 36 C. J., Landlord & Tenant, sec. 901, as follows:

"The general rule is, likewise, that where the landlord is under no obligation to make repairs, but undertakes to make them gratuitously, he will be liable for his negligence in making such repairs."

Defendant's second contention is that the trial court erred in overruling the demurrer to plaintiff's evidence, and in overruling defendant's motion for directed verdict, because the judgment is unsupported by the evidence.

A lengthy narrative of the evidence would be of no value. After each attempt to repair this roof the defendant would advise plaintiff the work had been done and the roof would not leak again. After each attempted repair job the roof leaked even more than before. The record (and the exhibits) evidence was sufficient to justify the jury's verdict, both on the question of defendant's negligence and on the question of the amount of damage suffered. Plaintiff's evidence as to the amount of property damage was uncontradicted. Neither was there any evidence to contradict the plaintiff's testimony concerning the amount of revenue lost by reason of the inability to care for patients because of the condition of the second floor, due to the leaky roof. The evidence would have sustained a much larger verdict than the amount for which the judgment was rendered.

There being competent evidence to support the verdict and judgment, the same accordingly is affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur.