ROWE v. OKLAHOMA RY. CO.

No. 32908.    Oct. 7, 1947.

*185 P. 2d 194.*

Fred Davis, of Oklahoma City, for plaintiff in error.

Richardson, Shartel, Cochran & Pruett and F. M. Dudley, all of Oklahoma City, for defendant in error.

PER CURIAM. This is an action in damages for personal injuries brought by Jack D. Rowe, plaintiff, against the Oklahoma Railway Company, a corporation, defendant, to recover in damages for personal injuries. The cause was tried to a jury who returned a verdict for $119 and judgment was entered upon the verdict of the jury. Plaintiff filed a motion for new trial which was duly overruled and from such order and judgment, an appeal was taken to this court. We will continue to refer to the parties by their trial court designation.

Plaintiff was a barber by trade and at the time of the injury was a passenger on a bus of defendant railway company when it collided with an automobile at an intersection at Southeast 29th street, in Oklahoma City. It is the position of plaintiff that he sustained a back injury together with an injury to his testicle and that by reason of such injuries he was caused great pain and suffering and is permanently disabled. He brought suit for $33,979. The judgment rendered was for $119, and as stated by the plaintiff in his brief it approximated the amount of his hospital bill and medical expenses.

It is first argued that the court erred in not granting a new trial because the verdict is manifestly unfair and resulted from the fact that the jury entirely ignored the instructions as to returning a verdict for damages for conscious pain and suffering and permanent disability.

Ordinarily, in an action for personal injuries it is not error for the court to refuse to grant a new trial on the ground that the verdict is too small. In Woodard v. Sanderson, 83 Okla. 173, 201 P. 361, it is stated:

"Section 5034, Rev. Laws, 1910, which provides that a new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained, denies the right to grant a new trial in the kind of actions therein named on account of the smallness of the damages awarded.' "

It is next stated that the verdict probably resulted from the order of the trial court directing the petition of plaintiff to be amended. After the order was entered on a motion to make more definite and certain, plaintiff filed an amended petition and any alleged error is thereby waived. It is also the rule many times stated by this court that amendments of pleadings are largely within the discretion of the trial court and its action thereon will not be disturbed unless it is clearly an abuse of such discretion.

Finally plaintiff states that the judgment was rendered upon a verdict which was returned by reason of the fact that the jury ignored the weight of the evidence and the instructions of the court. This raises both the issue of misconduct of the jury and the sufficiency of the evidence to sustain the verdict.

We are of the opinion and hold that the record does not disclose any misconduct of the jury. It is the position

of plaintiff that he sustained his injuries when he hurt himself in the collision and for the purpose of establishing the disability resulting from the injuries he called a medical expert witness whose testimony, if believed, would sustain his theory. On the other hand, the defendant offered testimony to show that prior to the accident the plaintiff had been under medical treatment for personal injuries and had had an operation for hernia. We have carefully reviewed the evidence and find that it is sufficient to sustain the verdict and judgment of the court. Under the rule many times stated in a case triable to a jury, the court will not review conflicting evidence or weigh the evidence to determine the sufficiency thereof, but, where the verdict is reasonably sustained thereby, a judgment based thereon will not be disturbed. Metropolitan Life Ins. Co. v. Golden, 180 Okla. 164, 68 P. 2d 516.

The judgment of the trial court is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.