Manuel E. WILKEY, Surviving Husband of Jean Louise Wilkey, Deceased, Plaintiff in Error,

v.

SOUTHWESTERN GREYHOUND LINES, Inc., a Corporation, and Bill L. Pratt, an Individual, Defendants in Error.

No. 36614.

Supreme Court of Oklahoma.

April 24, 1956.

Pettigrew & Parkhill, Grand Prairie, Tex., Howard K. Berry and William A. Hennessy, Oklahoma City, for plaintiff in error.

Grigsby, Foliart & Hunt, Jake Hunt, Oklahoma City, for defendants in error.

JACKSON, Justice.

The parties appear here as in the trial court and will be given their trial court designations.

For reversal plaintiff presents his argument under two propositions: (1) The driver of an overtaken vehicle is under no duty to drive his vehicle from the paved portion of the highway so as to permit an overtaking vehicle to pass, and an instruction which suggests that such a duty exists, is prejudicial error; and (2) error of the court in refusing to submit by appropriate instructions the theory of the plaintiff.

We have carefully examined the pleadings, the evidence and the instructions, and conclude that plaintiff's argument is without merit.

The accident occurred east of Weatherford, Oklahoma, on U. S. 66. Plaintiff was driving in an easterly direction and was towing a house trailer behind his automobile. Defendant's bus was traveling in an easterly direction and was overtaking and attempting to pass plaintiff's automobile and trailer at the time the accident occurred. The bus had been following immediately in rear of the trailer for approximately 2 miles, but low hills and "no passing" zones had made it impossible to pass. The attempt to pass was made on a long downgrade. As the bus came abreast of the trailer the two vehicles became fastened together and left the highway on the north side and plunged through a bridge rail and into a canyon. Plaintiff's wife died from injuries received in the accident.

Plaintiff's petition and evidence is to the effect that the accident resulted from negligence of the defendants in that when the bus came abreast of the trailer the bus swerved to the south across the center line of the highway and became fastened to the trailer.

Defendants' evidence is to the effect that the accident resulted from negligence of the plaintiff in that when the bus came abreast of the trailer the car and trailer swerved to the north across the center line of the highway and became fastened to the bus. The bus laid down approximately 150 feet of skid marks before leaving the pavement on the north side. The tire marks from the bus started about 18 inches north of the center line where the color was "light black," and got blacker as they continued in a northeasterly direction and until they left the pavement.

Defendants do not complain or contend that plaintiff was driving too near the center line and failed to give way to the right when the bus driver sounded his horn, or that the plaintiff should have gone to the right shoulder of the road. The evidence of the defendants is to the effect that the plaintiff was in a proper place in plaintiff's lane of traffic, south of the center line, at the time the bus driver sounded his horn, but moved out of the south lane into the north lane as the bus attempted to pass. That is, the negligence of plaintiff was not in failing to give way to the right in favor of the bus, but in moving left across the center line into the path of the bus.

In Instruction No. 9 the trial court, among other things, instructed the jury that:

"The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

In Instruction No. 9–A the jury was told:

"Except when overtaking and passing on the right is permitted, the driver of the overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal or other recognizable signal and shall not increase the speed of his vehicle until passed by the overtaking vehicle."

Instruction No. 9–A quotes 47 O.S.1951 § 121.4(c) (2), and defined the statutory duty of the plaintiff when the bus attempted to pass. Under defendants' evidence there had been no "whipping" of the trailer, no weaving, and it had not pulled across the center line in the space of two miles. There is no suggestion by the evidence that the defendants would need all of the north side of the road and a portion of the south side in order to pass.

The only controverted issue in this case is, who crossed the center line of the highway at the time the vehicles came together.

We are of the view that the instructions fairly present the theory of plaintiff. Plaintiff's theory appears to be that he was driving as far to the right of the road as the pavement would permit. He requested the court to instruct the jury that plaintiff was under no duty to drive from the pavement to the shoulder of the road. There is nothing in the record or the instruction which suggests or infers that plaintiff should leave the pavement and drive upon the shoulder. We see nothing in the record which would cause the jury to believe that plaintiff should leave the road.

In reviewing instructions to determine whether error was committed in

granting or refusing a certain instruction, the court will consider the instructions as a whole, and if they fairly present the issues of the parties as supported by the evidence, the case will not be reversed. Grand Distributing Co. v. Adams, 206 Okl. 451, 244 P.2d 571.

Plaintiff also requested an instruction to the effect that plaintiff's car and trailer was a legal unit countenanced by the uniform traffic code of Oklahoma. There is nothing in the record which suggests the car and trailer was not a legal unit and we find no error in the court's refusal to give this instruction.

It is not error to refuse an instruction on an immaterial issue or on an issue not vital to the action. Key v. British American Oil Producing Co., 196 Okl. 663, 167 P.2d 657.

Finding no error, the judgment of the trial court is affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY and BLACKBIRD, JJ., concur.