Joe Allen DAVIS, Plaintiff in Error,

v.

Joe W. POTTS, Defendant in Error.

No. 37242.

Supreme Court of Oklahoma.

March 5, 1957.

Foliart, Hunt & Shepherd, by James W. Shepherd, Oklahoma City, for plaintiff in error.

George & George, Ardmore, for defendant in error.

JACKSON, Justice.

This action was filed by Joe W. Potts, as plaintiff, against Joe Allen Davis, as defendant, to recover damages in the amount of $21,132.75 arising out of an automobile accident at a street intersection in Ardmore, Oklahoma, on February 21, 1954.

The facts are that plaintiff was traveling east on 10th Ave., Southeast, and defendant was traveling south on D Street, Southeast. The accident occurred in the approximate center of the intersection. Each party contended for the right of way at the intersection by his pleadings and proof, but it is apparent that plaintiff's vehicle approached the intersection from the right and thus had some advantage under 47 O.S.1951 § 121.6(a).

Plaintiff's vehicle was struck on the right rear side, pushing in the body to some extent, pushing the running-board down, and pressing the right rear fender against the tire. Plaintiff complained of pain in his neck immediately after the accident and was taken to the hospital where his neck was placed in traction. He remained in the hospital until March 2, 1954. He returned to the hospital on April 12, 1954, and remained until April 21, 1954. His evidence is that he wore a neck brace for a period of six months and was unable to work for approximately one year.

In plaintiff's petition he prayed for $415 for hospital and medical expenses; $5,000 for pain and suffering; $15,600 for impaired earning power; and $117.75 for damages to his automobile.

The proof is undisputed that plaintiff's hospital bill was $238 and his doctor bill $240, a total of $478. These bills were introduced without any objection on the part of the defendant. In fact when the bills, as exhibits, were offered, defendant's counsel announced "No Objection." This proof, without objection, was sufficient to authorize a verdict and judgment for $478 for hospital expenses and doctor bills under the rule that where a variance has not been called to the attention of the trial court, the pleadings will be deemed to have been amended to conform to the proof. Parsons v. Heenan, 104 Okl. 86, 230 P. 502.

Plaintiff's evidence of damages to his automobile in the sum of $117.75 is undisputed. Defendant indicated at first that he would object to an $18 item for a new battery that plaintiff claims was to replace a battery that was broken in the accident. When this matter was explained to the satisfaction of defendant, and the exhibit or estimate of $117.75 offered in evidence, defendant's counsel announced "No Objection."

Thus the undisputed evidence is that if plaintiff was entitled to recover anything for hospital and doctor bills he was entitled to be paid for the damages to his automobile.

The jury brought in the following verdict:

"We, the Jury, drawn, impaneled and sworn in the above entitled cause, do upon our oaths, find for the Plaintiff and fix the amount of Medical and doctor bills recovery at $500.00."

The proof shows, and is undisputed, that at the time of the accident plaintiff was sixty-one years of age, and was earning approximately $200 per month. He was afflicted with arthritis in his neck. Plaintiff's doctor, the only doctor testifying in the case, did not attribute the arthritis to the accident but testified that plaintiff had received a "whip-lash" injury to his neck resulting in a torn ligament. He further testified as follows:

"Q. You don't have any fractured or broken bones involved. Normally, wouldn't a person recover from those things over a period of time? A. Well, that is an unfortunate part of the neck. They don't work like sprains around the knees and ankles. They are much more prone not to get well. It is a serious injury."

Plaintiff filed a motion for new trial upon the ground that the amount of the verdict is entirely too small and inadequate to compensate plaintiff for the damages sustained by him as a direct and proximate result of the wrongful acts of the defendant. A new trial was granted and defendant appealed.

Defendant, on appeal, contends that the trial court cannot vacate and set aside the verdict of the jury and thus deprive the jury of its sole and exclusive right to pass upon the value of the evidence and the credibility of witnesses.

Since the repeal of 12 O.S.1951 § 652, S.L.1953, p. 54, § 2, the pertinent statute is 12 O.S.1951 § 651, as amended in 1953. That section of the statute provides for new trial upon the following grounds:

"Fourth. Excessive [or *inadequate*] damages, appearing to have been given under the influence of passion or prejudice. (The word "Inadequate" being added by the amendment.)

"Fifth. Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property."

Plaintiff does not contend that the inadequate damages appear to have been given under the influence of passion or prejudice, or that the amendments are decisive of the question before us. He does contend that 12 O.S.1951 § 651 (Fifth), as amended, together with prior decisions of this court, authorized the trial court to grant a new trial.

In Chicago, Rock Island & Pacific R. Co. v. Beam, 203 Okl. 16, 217 P.2d 807, 809, plaintiff sued for $302.25 damages to her automobile; for personal injuries; and for loss of time in three separate causes of action. It was stipulated that her automobile was damaged in the sum of $285.85. The jury was instructed that they might assess her automobile damages not to exceed the sum of $285.85. The jury returned a verdict for plaintiff and fixed " 'the amount of her recovery at $175.00—on her first, second and third cause of action; total recovery, $175.00.' " We upheld the trial court's order in granting a new trial. In the body of the opinion it is said:

"The verdict of the jury in the sum of $175.00 cannot be justified under any hypothesis. The amount of damage to the car was agreed upon. The defense was the defendant was not liable in any amount. If liable at all it was liable at least for the stipulated damage."

In Kansas City, M. & O. Ry. Co. v. Allums, 133 Okl. 181, 271 P. 949, 950, plaintiff sued in his first cause of action for $20,000 for loss of time, impairment of earning capacity, permanent physical disabilities, expenses incurred for doctor's bills, nurse hire, hospital bills, medicine, and pain and suffering. In his second cause of action he alleged damages to his automobile in the sum of $275. The jury brought in a verdict for $750. The trial court sustained plaintiff's motion for new trial on the sole ground that the verdict of the jury was insufficient in amount. In the body of the opinion it was said:

" * * * The verdict of the jury was general in form, and we are unable to ascertain with any degree of certainty for what injuries the jury allowed a recovery. The verdict allowed a recovery for an amount in excess of that asked for the damages to the automobile in the second cause of action, but much less than asked for in the first cause of action and less than the jury would have been warranted in allowing under the proof in the case under the first cause of action. * * * It may have been that the jury only attempted to compensate plaintiff for injuries to his person, and we do not feel at liberty to say, in the absence of any showing as to what items the jury allowed a recovery on, that it did in fact allow a recovery equal to the actual pecuniary injury sustained by reason of the damage done the automobile. * * * It was not the intention of the Legislature that such a limitation should be imposed on a trial judge in the granting of a new trial where the action involves injuries to property. That section [12 O.S.1951 § 651 (Fifth)] is in the nature of an exception to the rule, and should not be construed to include cases involving both personal and property injuries unless it can be ascertained that the verdict in fact did and was intended by the jury to fully compensate for the actual pecuniary injury to the property."

See also Dunlap v. Morean, 87 Okl. 30, 208 P. 773, and Maly v. Lamerton, 113 Okl. 168, 240 P. 716.

In the case before us the items of damages were all set forth in one cause of action. No objection to the form of the verdict was made by either party before it was given to the jury or at the time it was returned into court. We cannot say that any part of the verdict was intended as compensation for damages to the automobile. Under 12 O.S.1951 § 651 (Fifth), and the undisputed evidence of damages to the automobile here involved, we are compelled to hold that there was error in the assessment of the amount of recovery for injury to the automobile. The order of the trial court is affirmed.

WELCH, C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.