Manuel E. WILKEY, surviving father of Jeri Ruth Wilkey, Deceased, Plaintiff in Error,

v.

SOUTHWESTERN GREYHOUND LINES, Inc., a Corporation, and Bill L. Pratt, an Individual, Defendants in Error.

Manuel E. WILKEY, Plaintiff in Error,

v.

SOUTHWESTERN GREYHOUND LINES, Inc., a Corporation, and Bill L. Pratt, an Individual, Defendants in Error.

Nos. 37438, 37570.

Supreme Court of Oklahoma.

Dec. 17, 1957.

Rehearing Denied Jan. 21, 1958.

Application for Leave to File Second Petition for Rehearing Denied March 25, 1958.

Howard K. Berry, and William A. Hennessy, Oklahoma City, and Pettigrew & Parkhill, Grand Prairie, Tex., for plaintiff in error.

Foliart, Hunt & Shepherd, Oklahoma City, for defendants in error.

BLACKBIRD, Justice.

In August, 1953, Manuel E. Wilkey, accompanied by his wife, Jean Louise, and his two-year-old daughter, Jeri Ruth, was driving his automobile, with house trailer attached, east of Weatherford, on U. S. Highway 66, when a bus, owned by Southwestern Greyhound Lines, Inc., and being driven by Bill L. Pratt, attempted to pass them. As the bus came abreast of the trailer, the vehicles became fastened together and left the highway on its north side, plunging through a bridge rail and into a canyon, injuring Wilkey, demolishing his auto and trailer, and fatally injuring his wife and daughter.

By reason of said accident, Wilkey, hereinafter referred to as plaintiff, instituted, all on one later day of the same month, in the District Court of Oklahoma County, three separate actions against the aforenamed bus company and its driver, hereinafter referred to as defendants.

In one of them, said Court's Cause No. 131453, plaintiff sought damages for his own personal injuries, together with hospital and medical expenses incurred in connection therewith, and the difference between the alleged values of his auto and trailer before and after the accident. The other two cases were death actions. In one of them, No. 131454, he, as Jean Louise's surviving husband, sought damages on account of her alleged wrongful death; and, in the other, No. 131455, he, as Jeri Ruth's father, sought damages on account of her alleged wrongful death. In all three of the cases, the various kinds of detriment to the plaintiff were alleged to have been incurred from the same accident, and to have resulted from the same acts of negligence on the part of the defendants in allegedly causing it. To plaintiff's petitions in all three of the cases, the defendants filed joint answers containing general denials, together with special denials that any negligence on their part was the cause of the accident, and further alleging that it was proximately caused, or contributed to, by negligence on the part of the plaintiff, himself. They also pleaded that the accident was an unavoidable one.

Of the three above-described actions, Cause No. 131454, (in which plaintiff, as her surviving husband, sought damages for Jean Louise's alleged wrongful death) was brought to trial first, resulting in a verdict and judgment for defendants. Plaintiff appealed that case on the theory that the trial court had erred in its instructions; but this court affirmed the judgment. Wilkey v. Southwestern Greyhound Lines, Inc., Okl., 296 P.2d 786. Thereafter, the plead-

ings in Causes 131453 and 131455, supra, were amended to place in issue the question of whether or not the verdict and judgment in Cause No. 131454, supra, (which became final in the cited appeal) conclusively exonerated defendants of any and all liability in those cases and therefore barred plaintiff's recovery therein. Each of the two district judges, to whom the question was presented separately in the two cases, decided it in the affirmative and sustained the motion, defendants interposed in each, for judgment on the pleadings. The question is presented here in plaintiff's separate appeals from said judgments. As the two appeals have been consolidated for briefing and involve the same issue, our decision herein will be determinative of both.

■ Although, the issue here presented is sometimes referred to as one of res judicata, it seems to be generally agreed in the briefs of both parties that a better and more accurate term, employed for it by this court, and some others, is "estoppel" by judgment or verdict. In this connection, see McKee v. Producers' & Refiners' Corp., 170 Okl. 559, 41 P.2d 466, the Annotation at 88 A.L.R. 574, and 3 Okla.L. Rev. 104. In the cited Annotation it is said:

> "Such terms as 'merger', 'bar', 'estoppel', and 'res adjudicata' are often used indiscriminately and interchangeably, whether to describe the effect of a judgment as an absolute bar of a cause of action or its effect to preclude the further litigation of some fact determined in a former action between the parties on a different cause of action."

> \* \* \* \* \* \*

> "The distinction between the effect of a judgment as an absolute bar to a cause of action and as an estoppel as to particular facts relied on as evidence was pointed out in Outram v. Morewood (1803) 3 East, 346, 102 Eng. Reprint, 630. In this case Lord Ellenborough, Ch. J., stated: 'The court very properly distinguished there between what operates by way of bar to a future recovery for the same thing, and what by way of estoppel. \* \* \* It is not the recovery but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. \* \* \*'

> "The leading American case on the point is Cromwell v. Sac County (1897) 94 U.S. 351, 24 L.Ed. 195. The following language of Mr. Justice Field therein has done much to clear up the confusion which existed on this subject: 'There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and the effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. \* \* \* The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But when the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought

*to apply the estoppel of a judgment rendered upon one cause of action, to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined.'*" (Emphasis ours.)

As indicated in an unquoted part of the Annotation and the Law Review article, supra, the term "estoppel by verdict" has been used to distinguish between the type of estoppel involved here—where the verdict and judgment of a previously tried case is claimed to preclude further litigation of the particular facts upon which the jury necessarily made findings in the verdict—and the type of estoppel where a judgment on a cause of action bars other actions on the same cause. In Restatement Of The Law, Judgments, it is called: "Collateral estoppel." See sec. 68 of that Work. We think the above discussion settles a large part of the academic argument under plaintiff's Proposition I, which is as follows:

"Where causes of action are separate and different, and there is no true issue of res adjudicata involved, a judgment in one case will not operate as a bar of estoppel in another, *unless there has been a finding of a specific fact in the former judgment, that was controlling and material in that case, and is also controlling and material in the pending case.* And, for such a judgment to operate as a bar of estoppel, it must also appear that the matter of fact *was so in issue that it was necessarily determined in the former case.*" (Emphasis ours.)

Any fault we might find in the quoted proposition, as an abstract rule of law, would be in its use of the confusing term "bar of estoppel", rather than in the apparent meaning and substance of the proposition, as a whole. We think plaintiff's counsel's criticism of our opinion in Garrison v. Bonham, 207 Okl. 599, 251 P.2d 790 (in which one of their number was the plaintiff in error's counsel) is unjustified be-cause, actually, it applied the rule above referred to of "estoppel by verdict" no differently than they contend for in this case. There, we did not say, nor mean, that, for the purpose of applying the rule, the verdict and judgment in favor of the defendant in the action prosecuted by Mr. Garrison for damages for his wife's alleged wrongful death and for hospital, medical and burial expenses, was a determination of every issue that *might have been* raised therein. Instead, we held that it was a conclusive and final determination only of the issues of fact that *were* raised and *had to be* determined by the jury in order to arrive at its verdict. Counsel's representation of the "true situation" in the cited case, as one of "res adjudicata", is ill-conceived and incorrect. There the causes forming the basis of the two actions involved were different. In the first action filed, the cause accrued to Mrs. Garrison, before her death, and was one for which the plaintiff could not recover at common law. In the first one tried, however, the cause of action for her wrongful death did not accrue until after her death and is of the type that has existed by statute, only since Lord Campbell's Act. See the discussion in St. Louis & S. F. R. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A. 1915E, 1141, and Restatement, supra, sec. 92.

■ The rest of plaintiff's argument under his first proposition is directed toward attempting to show that the verdict and judgment in Cause No. 131454 (which became final in Wilkey v. Southwestern Greyhound Lines, Inc.) supra, and, in which said action, he sought damages for his wife's wrongful death, was not necessarily a determination, conclusive (under the rule of estoppel above referred to) of whether or not the accident was proximately caused by negligence on the part of the defendants, so as to bar, or preclude, a trial of the same issue in the cases at bar. Plaintiff's counsel refers to the fact that the evidence in the former case indicates that the child, Jeri Ruth, was born before his marriage to his deceased wife, and argues this

as being a possible reflection on her character, or morals, in the eyes of the jury and a basis for their possibly having concluded that (whatever might have been their opinion as to defendants' responsibility for her death) her loss to plaintiff was of no pecuniary value to him. This argument is without merit. Whether necessary or not, we have examined the record in Wilkey v. Southwestern Greyhound Lines, Inc., supra, and find no basis for concluding therefrom that the jury held for the defendants therein merely because they concluded that plaintiff suffered no pecuniary loss by reason of her death. In our opinion, there can be no question, (or "uncertainty" as it is described in Hoffman v. Hoffman, 330 Ill. 413, 161 N.E. 723, cited by plaintiff's counsel) but that the claimed absence of any damage to him from his wife's death, was not a factor in that verdict. The record in that case shows that after plaintiff gave testimony concerning, among other things, the services and abilities of Jean Louise as a wife and mother (lost to him by her untimely death) defense counsel not only did not cross-examine him on that subject, but they introduced no evidence at all to contradict him thereon, and entered into a stipulation as to her agreed life-expectancy. We also find that, in addition to there being no evidence in Cause No. 131454, supra, to dispute, or join issue with, plaintiff's claims as to his damages from his wife's death, the only instructions in which the trial judge specifically told the jury their verdict might be for defendants, were instructions numbered 4, 5, 9–A and 13, in all of which such direction was conditioned upon their first finding that defendants were not responsible for the accident, either because of their freedom from fault, or that it was an unavoidable one, or was proximately caused, or contributed to, by negligence on the part of the plaintiff. In their Proposition II, plaintiff's counsel again use the terms "bar of estoppel" and "res adjudicata" as if interchangeable, and, under said proposition seek to show by a lengthy, and in some respects adroit, academic argument, that plaintiff could not have joined in Cause No. 131454 (Wilkey v. Southwestern Greyhound Lines, Inc.) supra, the alleged causes of action for his own personal injuries and vehicle damage, sued for in Cause No. 131453 (one of the cases now before us) and that therefore his failure to recover in the decided case, does not preclude his recovery in the latter. We consider it unnecessary to discuss the various ramifications and details of said argument. Suffice it to say that it confuses, and fails to recognize the distinction between, the two estoppel doctrines hereinbefore described and sometimes given the distinguishing names of "estoppel by judgment", and "estoppel by verdict" or "collateral estoppel", respectively. We think what has already been said renders unnecessary any discussion centered around the differences in plaintiff's causes of action in the three cases and renders purely academic and immaterial any question as to whether any two, or all, of such causes could have been joined in one and the same action. In this connection, notice the first part of the quotation from Henderson v. U. S. Radiator Corp., 10 Cir., 78 F.2d 674, appearing in Deep Rock Oil Corp v. Sheridan, 10 Cir., 173 F.2d 186, 190, and Restatement, supra, pgs. 240, 296, 298, 306. The short answer to plaintiff's argument is that the rule the trial court applied in these cases does not say that the causes of action in the "different actions" to which it applies, must be "joinable", or capable of being joined under Tit. 12 O.S.1951 § 265, as plaintiff's counsel apparently, or tacitly, assume. Their assumption of such a requirement is the underlying weakness in their argument.

As his counsel concede that, for the purpose of determining the issue here involved, plaintiff, as a husband and father in the wrongful death cases, is the "same party" as the plaintiff in the personal injuries and vehicle damage case, and we have determined that under the "collateral estoppel" rule, the verdict and judgment (in Cause No. 131454, supra) upheld and affirmed in Wilkey v. Southwestern Greyhound Lines, Inc., supra, settled conclusive-

ly defendants' liability to answer for any and all damages plaintiff may have suffered, as the result of the one and only accident involved in all three of the cases, the judgments in the two appealed herein are hereby affirmed.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.