**BOECKING CONSTRUCTION COMPANY, Inc., a Corporation, Plaintiff in Error,**

v.

**Orvetta CALLEN, Defendant in Error.**

**No. 37819.**

Supreme Court of Oklahoma.

Jan. 21, 1958.

As Amended on Denial of Rehearing Feb. 18, 1958.

Pierce, Mock & Duncan, Oklahoma City, for plaintiff in error.

Cargill, Cargill & Chiaf, Oklahoma City, Welch & Dudley, Madill, for defendant in error.

CORN, Vice Chief Justice.

This is an appeal by defendant, Boecking Construction Company, Inc., from a judgment of the District Court of Oklahoma County, State of Oklahoma, rendered against said defendant and in favor of the plaintiff below, defendant in error here, Orvetta Callen, upon a verdict of a jury. The parties will be referred to herein by their trial court designation.

The defendant does not appeal from and, therefore, admits that the evidence sustained and the jury correctly determined that the defendant was negligent and that such negligence was the proximate cause of plaintiff's injuries and resultant pain and suffering and disability. It, therefore, is assumed that there is ample, competent evidence to sustain the verdict in this regard.

The defendant first contends that in the absence of competent medical proof of certain permanent injuries alleged to have been sustained by plaintiff, the court should have removed such issues from the jury's consideration and that therefore the trial court erred in giving instruction No. 1.

Instruction No. 1 is a résumé of the allegations set forth in plaintiff's petition including the allegations as to the permanency of plaintiff's injuries. Instruction No. 2 is a résumé of the allegations of defendant's answer, which as to the allegation of permanent injury is a general denial. Instruction No. 3 is the résumé of plaintiff's reply.

Instruction No. 4, in substance, states that allegations in the pleadings do not constitute any part of the proof; that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence

the material allegations of the petition and unless he meets this burden the verdict must be for the defendant.

Instruction No. 15 reiterates the necessity of the jury's finding from a preponderance of the evidence in favor of the plaintiff, and then sets forth the various elements for the jury's consideration, such as the nature, extent and permanency of plaintiff's injuries, pain and suffering, etc., in assessing the amount of recovery.

The defendant excepted only to Instruction No. 1, and requested no instruction in lieu thereof.

We have, without exception, held that the trial court's instructions must be considered as a whole, and where they fairly present the law applicable to the issues raised by the pleadings on which competent evidence has been introduced, they are sufficient. Buck v. Miller, 198 Okl. 617, 181 P.2d 264; Wilkey v. Southwestern Greyhound Lines, Okl., 296 P.2d 786.

However, in this connection the defendants take the position that there was a complete absence of any competent medical testimony as to certain permanent injuries and that therefore the trial court should have removed these matters from the jury's consideration. In support thereof it cites Pine v. Rogers, 182 Okl. 276, 77 P.2d 542, 115 A.L.R. 1146; Forrest E. Gilmore Co. v. Hurry, 165 Okl. 29, 24 P.2d 653; Cole v. Anderson, Okl., 304 P.2d 295. In each of those cases no expert witness, such as a dentist or medical doctor, was called. Neither was the permanency of such injuries ascertainable by the observation of the average jury. Such is not the situation in the case at bar. The record discloses the testimony of five medical doctors. This testimony, considered together with the reasonable inferences to be drawn therefrom, indicates that, by reason of such accident, the proximate cause of which is admitted to be the result of defendant's negligence, plaintiff suffered severe and painful injuries that are permanent and progressive, and is more than ample to sustain the allegations of plaintiff's petition in respect to said injuries. It therefore follows that the trial court properly submitted the issues presented by plaintiff's petition and that there is no merit in defendant's contention in this regard. The instructions taken as a whole fairly present the law applicable to the issues raised by the pleadings and supported by competent expert medical testimony.

The defendant next contends that the conduct of plaintiff while on the witness stand when she became emotionally upset was improper and prejudicial. The trial judge saw and heard what happened and is in a better position than this Court to estimate and appraise the effect of such happening. Where the trial court exercises a sound discretion in passing on a question of mistrial, its findings will not be disturbed in the absence of any evidence of abuse of this discretion. Aderhold v. Stewart, 172 Okl. 72, 46 P.2d 340. No abuse of discretion is indicated by the record in this case.

We find no indication of any improper argument by plaintiff's counsel. Apparently at the time of trial, defendant's counsel was not concerned enough by any such alleged argument to call the court's attention to the specific statement it was objecting to and make a request that the jury be admonished not to consider it. Westgage Oil Co. v. McAfee, 181 Okl. 487, 74 P.2d 1150.

Considering the record as a whole, we find nothing that indicates any misconduct by plaintiff's counsel which would in any manner be prejudicial to defendant. As we view the entire record, the evidence of medical experts is more than ample to sustain the verdict of the jury that plaintiff's injuries were permanent and progressive.

The cases cited and relied upon by defendant to sustain its contention under the record in this cause sustain the exercise of the discretion by the trial court denying a mistrial. The record is devoid of any evidence that it abused its discretion.

The contention that the Court erroneously admitted evidence as to the life

expectancy of plaintiff is submitted without citation of any authority sustaining its position. In this connection, it does not take the position that same was incorrect. It is merely content to make the statement that it is incompetent and stop there; although not conclusive, such evidence was competent and may be considered by the jury. Covington Coal Products Co. v. Stogner, 181 Okl. 35, 72 P.2d 491.

▮ The defendant lastly takes the position that the verdict in the amount of $25,000 is excessive and appears to have been given under the influence of passion and prejudice. With this we cannot agree. A review of the record discloses ample expert medical testimony that plaintiff suffered painful, permanent and progressive injuries to her back, neck and legs, leaving her with a physical as well as nervous shock, coupled with chronic exhaustion. The record further discloses that she is a well educated school teacher who had taught school for many years without loss of time, earning the amount of $300 per month; that, by reason of her physical and nervous condition, as a result of the injuries received in the accident caused by the admitted negligence of defendant, she cannot now carry on her duties as a teacher. Damages for pain and suffering cannot be measured by any fixed rule or standard. The amount awarded therefor must be left to the judgment of the jury. Of course, it is subject to correction by the courts if the exercise of abuse, passion and prejudice is indicated from the record. Otis Elevator Co. v. Melott, Okl., 281 P.2d 408; St. Louis-San Francisco Railway Co. v. King, Okl., 278 P.2d 845.

Under the record in this case, the verdict is sustained by ample competent evidence. We find no evidence that even by inference indicates passion or prejudice toward defendant.

Judgment affirmed.

WELCH, C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.