**Lula E. BATTLES, Plaintiff in Error,**

v.

**Walter Clarence JANZEN, Defendant in Error.**

No. 37800.

Supreme Court of Oklahoma.
April 8, 1958.

As Amended May 5, 1958.

Rehearing Denied May 13, 1958.

R. Place Montgomery, John D. Montgomery, Montgomery & Montgomery, Hobart, for plaintiff in error.

Joe F. Gibson, Clinton, for defendant in error.

CORN, Vice Chief Justice.

Lula E. Battles brought this action against Walter Clarence Janzen for damages in the amount of $20,000 for personal injuries, together with the pain and suffering arising therefrom, for hospital and drug bills of $150.60, ambulance bill of $5 and doctors' bills in the amount of $265; the prayer being for a total of $20,420.60. She alleged that the proximate cause thereof was the alleged negligence of the said Janzen in driving his car into the side of the one driven by her. The defendant, Janzen, admitted the collision but denied that it was the result of his negligence and alleged that it was due to plaintiff's negligence. He cross-petitioned for the damages to his car in the amount of $592.-86 alleging various specific acts of negligence on plaintiff's part.

The trial resulted in a jury verdict in favor of the plaintiff in the amount of $500.

The plaintiff filed a motion for new trial, setting forth, among other things, as grounds therefor, to wit:

"(2) The verdict is particularly contrary to the evidence in failing to allow plaintiff recovery for actual 'out of pocket' expenses accrued because of treatment for her injuries sustained, which were undisputed and definitely fixed in the evidence.

"(3) Inadequate damages, appearing to have been given and fixed under the influence of passion and prejudice, and in disregard of the court's instructions.

"(4) Error in assessment of the amount of recovery, as being too low under the undisputed evidence, in view of a finding of liability."

The motion for new trial was overruled by the trial court.

In due time an appeal was perfected to this court, and in the petition in error, among others, the same three assignments of error were set forth.

The question of negligence and that such negligence was the proximate cause of plaintiff's injuries and the resultant damages is not here presented. For the purposes of this opinion the sufficiency of the evidence in regard thereto is assumed.

However, as above disclosed, the plaintiff takes the position that under the undisputed evidence the verdict was wholly inadequate and therefore contrary to law and the evidence.

Turning to the evidence with attention directed solely to the undisputed portion thereof as to the doctor's bill, the hospital bill and ambulance bill, we find the plaintiff's doctor testified that he had not been paid for his services; that plaintiff owed him "approximately $500.00; that is less this trip"; the plaintiff testified that she had paid, or was obligated to pay, $150.60 for hospital and drugs; that the ambulance bill was $10. There was no attempt to question these figures.

The instructions given conformed to the pleadings. There was no objection to any of the instructions. There was no requested instruction as to the measure of damages or any issue in the case. Considering the instructions in their entirety the contentions of the parties were presented and they contain no fundamental error. Buck v. Miller, 198 Okl. 617, 181 P.2d 264; Wilkey v. Southwestern Greyhound Lines, Okl., 296 P.2d 786. Further an instruction on measure of damages does not go to the merits of the action and free from fundamental error does not apply thereto. National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316.

The verdict of the jury found for the plaintiff and against the defendant, fixing the amount of her recovery in the sum of $500 with 6 per cent per annum interest thereon from the 28th day of January, 1957.

It is the plaintiff's contention that such verdict is contrary to law and the evidence in that it failed to allow to her the actual "out of pocket" expenses accrued because of treatment for injuries sustained undisputedly and definitely fixed by the evidence; that by virtue of 12 O.S. 1951 § 651 as amended in 1953, the trial court erred in not granting a new trial.

We have held where the uncontradicted proof established personal injuries, hospital, doctor bills and automobile damage incurred, and verdict limits recovery to medical and doctor bills, and allowed nothing for damages to automobile even though the proof in regard thereto disclosed an exact amount, said verdict and judgment rendered thereon is contrary to 12 O.S. 1951 § 651 as amended, and sustained the granting of a new trial to plaintiff. Davis v. Potts, Okl., 308 P.2d 268. See also Rowe v. Oklahoma Ry. Co., 199 Okl. 243, 185 P.2d 194.

The verdict in this case was general. The testimony of the doctor as to his bill was merely an approximation. This uncontradicted testimony fails to reach the stature of definiteness and exactness required to overturn the general verdict of a jury, in effect, was approved by the trial court in its denial of a new trial.

On appeal it matters not that we might or might not have reached a different conclusion as to the amount of damages suffered by reason of the injuries received. Nor that we might or might not feel that the evidence adduced would have sustained a larger verdict. The only question as to the evidence which is here presented is, is there any competent evidence to sustain the verdict. Walker v. Oklahoma Natural Gas Co., 188 Okl. 241, 107 P.2d 997.

The medical evidence in this case, both for and against the plaintiff, is rather comprehensive. It presented the condition of plaintiff to the jury. The instructions were sufficient and free from fundamental error. It reached its determination thereon. The verdict was a general verdict. The trial court, in effect, was satisfied therewith.

Judgment affirmed.

WELCH, C. J., and HALLEY, WILLIAMS, BLACKBIRD, and CARLILE, JJ., concur.

DAVISON, J., concurs in result.

JOHNSON and JACKSON, JJ., dissent.