Henry VICKERS, Plaintiff in Error,

v.

Earnest Anthony ITTNER, Defendant in Error.

No. 40773.

Supreme Court of Oklahoma.

Sept. 27, 1966.

Rollie D. Thedford, Oklahoma City, for plaintiff in error.

Rinehart & Morrison, Oklahoma City, for defendant in error.

PER CURIAM.

This is an appeal from an Order of the District Court of Oklahoma County on June 13, 1963, overruling the motion for new trial of the plaintiff in error. The parties occupied the same respective positions in the trial court and will be referred to by their trial court designations.

The parties come to this Court as a result of one of the common tragedies of modern life: an intersection collision. The accident occurred on October 2, 1960, at Northeast 23rd Street and North Fairmont Street in Oklahoma City, Oklahoma. The plaintiff filed suit on July 27, 1961, seeking recovery in the amount of $105,780.85, consisting of $30,000.00 for permanent injury, $75,000.00 for loss of earnings, and $780.85 for medical expenses. At the trial, the parties stipulated that plaintiff's medical expenses and the repairs to his automobile amounted to $1,352.70, and the petition was amended accordingly.

The plaintiff introduced evidence, including medical testimony, tending to show that he had sustained a permanent brain injury which resulted in a lack of visual co-ordination, impairment of memory, hypertension and depression, thus rendering him unfit for his customary occupation as an unskilled laborer. The defendant introduced evidence, including motion pictures, to demonstrate that the plaintiff was able to engage in manual labor.

The jury returned a verdict for the plaintiff in the amount of $1,352.70. The plaintiff sought a new trial under the provisions of 12 O.S.1961, § 651(4), on the theory that the amount awarded by the jury was inadequate and not commensurate with the damages sustained by him.

The only matter presented for review by this Court is whether the trial court abused its discretion in refusing to grant the plaintiff a new trial because the amount of the verdict was inadequate under the evidence.

Where the amount of the damages sustained by the plaintiff is not disputed, and the verdict of the jury is for a lesser amount, the trial court should grant a new trial. Davis v. Potts, Okl., 308 P.2d 268. But this is not the situation here. The verdict in this case, based upon conflicting evidence of liability, awarded the plaintiff an amount of damages concerning which there was no dispute. The verdict was general. The evidence as to plaintiff's damages, other than his "special" damages, was conflicting. This Court will not review conflicting evidence, or weigh the evidence, in a case triable to a jury. Where there is competent evidence, as there is here, which reasonably sustains the verdict, a judgment based upon the verdict will be sustained. Rowe v. Oklahoma Ry. Co., 199 Okl. 243, 185 P.2d 194 (1947). Under the circumstances here, the statement of this Court in Battles v. Janzen, Okl., 325 P.2d 444, is appropriate:

"On appeal it matters not that we might or might not have reached a different conclusion as to the amount of damages suffered by reason of the injuries received. Nor that we might or

might not feel that the evidence adduced would have sustained a larger verdict. The only question as to the evidence which is here presented is, is there any competent evidence to sustain the verdict."

Accordingly, we hold that the trial court did not abuse its discretion in refusing to grant the plaintiff a new trial on the ground that the verdict was inadequate. The judgment of the trial court is affirmed.

HALLEY, C. J., and DAVISON, IRWIN and LAVENDER, JJ., concur.

WILLIAMS, BLACKBIRD and HODGES, JJ., dissent.

The Court acknowledges the services of David L. Fist, who with the aid and counsel of George Downey and Thurman Hurst, as special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to JACKSON, V. C. J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.