Delmar **MACK, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–16370.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1971.

Rehearing Denied Jan. 25, 1972.

Kenn Bradley, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Delmar Mack, hereinafter referred to as defendant, pleaded guilty in the District Court of Tulsa County, Oklahoma to the offense of Possession of Marijuana; his punishment was fixed at one (1) year imprisonment, and from said judgment and sentence, a timely Writ of Certiorari has been filed in this Court.

The defendant asserts that he entered a plea of guilty upon the advise of counsel, with the understanding that he would be recommended for probation. The defendant further asserts that he had no knowledge of the presence or location of the marijuana found in his automobile, and that the evidence was obtained by means of an illegal arrest and search.

The Record reflects that the defendant, with counsel, entered a plea of guilty on November 24, 1970, after first being meticulously advised of the consequences of such a plea. The trial court carefully examined the defendant as to his guilt, wherein the following transpired:

"THE COURT: And is that the charge that you tell me you want to plead guilty to here today?"

"DEFENDANT: Yes, sir.

"THE COURT: Did you do those acts that are alleged in that Information, Mr. Mack?

"DEFENDANT: Did I do what?

"THE COURT: Did you have in your possession, on the 16th day of October, 1970, here in Tulsa County, the plant marijuana?

"DEFENDANT: Yes, sir.

"THE COURT: Did you have a preliminary hearing?

"MR. GRAHAM: Yes, we did, Your Honor.

"THE COURT: Do you recall the evidence that was presented against you at your preliminary hearing?

"DEFENDANT: Yes, sir.

"THE COURT: The Information that is on file in this case, and I want you to pay attention while I read it, alleges that you, Delmar Mack, on the 16th day of October, 1970, here in Tulsa County, did knowingly and unlawfully have in your possession and under your control certain leaves, stems, flowers and seeds of the

plant, marijuana, contrary to the laws of this state, do you understand that is the charge that is pending against you?

"DEFENDANT: Yes.

"THE COURT: Now, did you do those acts that are alleged in this Information?

"DEFENDANT: Yes.

"THE COURT: At the time you did those acts did you know you were doing wrong and violating the laws of this state?

"DEFENDANT: Yes.

"THE COURT: Do you plead guilty here today because you are guilty?

"DEFENDANT: Yes.

"THE COURT: Do you plead guilty for any other reason?

"DEFENDANT: No, sir.

"THE COURT: Other than the fact that your are guiltty? [SIC]

"DEFENDANT: No, sir.

"THE COURT: Mr. Mack, you have been represented by Mr. Graham throughout the entire proceedings in this case, have you not?

"DEFENDANT: Yes, sir.

"THE COURT: Are you satisfied with the legal representation you have had in this case?

"DEFENDANT: Yes, sir.

"THE COURT: Since you were arrested on this charge have you been mistreated or abused by any members of law enforcement?

"DEFENDANT: No.

"THE COURT: Mr. Mack, you understand that if you plead guilty in this case, that you are subject to the maximum penalty, whatever it is, under the law? I believe it is seven years, do you understand that you could be sentenced to serve a term of seven years?

"DEFENDANT: Yes, sir.

"THE COURT: You understand that your attorney is asking that you be referred for probation in this case, Mr. Mack, but has anybody told you you are going to obtain probation?

"DEFENDANT: No, sir.

"THE COURT: You understand that if you are approved for probation, recommended for it, that I don't have to accept that recommendation?

"DEFENDANT: Yes, sir.

"THE COURT: Prior to your apperance [SIC] here today have you consumed any drugs or other types of medication?

"DEFENDANT: No, sir.

"THE COURT: Do you believe you understand what is going on here today?

"DEFENDANT: Yes, sir.

"THE COURT: Do you have any questions you want to ask me, Mr. Mack, about your plea of guilty here today or its effects?

"DEFENDANT: No.

"THE COURT: Regardless of what sentence is imposed in this case, do you tell me you are guilty of the felony offense of possession of marijuana?

"DEFENDANT: Yes."

We are of the opinion that the defendant knowingly and voluntarily entered a plea of guilty with full knowledge of the consequences of such a plea.

◼ We do not deem it necessary to discuss the lawfulness or unlawfulness of the defendant's arrest. In Mahler v. United States, 333 F.2d 472, certiorari denied, 379 U.S. 993, 85 S.Ct. 709, 13 L.Ed.2d 613, the Court determined that a proper guilty plea forecloses the right to object to the manner in which he was arrested, or how the evidence so obtained may be used against him. See Smith v. State, Okl.Cr., 311 P.2d 275 (1957).

The judgment and sentence is accordingly affirmed.

BRETT, J., concurs in results.