Arthur IRWIN, Appellant,

v.

SWO ACQUISITION CORPORATION d/b/a, Safeway and/or Homeland, Appellee,

and

Joseph Hill and Michael Casey, Defendants.

No. 76165.

Court of Appeals of Oklahoma, Division No. 1.

April 21, 1992.

Greg Haubrich and Kenny Cole, Oklahoma City, for appellant.

L.E. Stringer and Kevin Gordon, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Arthur Irwin (Irwin) was in a grocery store operated by SWO Acquisition Corporation d/b/a Safeway and/or Homeland (Homeland). A security guard testified that he observed Irwin pick up a package of tobacco and place it in his coat pocket. The evidence, in this respect, was disputed. He proceeded to the checkout stand and paid for two other articles, but did not pay for the tobacco. When he left the grocery store, he was approached by the security guard, accompanied by another security guard. When accosted by the officers, Irwin gave them the tobacco which was allegedly shoplifted. They arrested him. The evidence was conflicting as to the events surrounding the arrest, but a scuffle ensued in which Irwin was injured. He was transported to jail, booked, treated at the jail clinic, and then released on bail. Later, he pled nolo contendere to a larceny of merchandise charge.

Irwin brought an action against Homeland for false arrest, assault, battery and intentional infliction of emotional distress.

The two security officers were defendants; but, they were dismissed prior to trial, and are not parties to this appeal. The case was tried before a jury.

The trial court partially sustained Homeland's demurrer to the evidence and dismissed Irwin's claim for false arrest. The jury was instructed that Irwin's plea of nolo contendere established, as a matter of law, that the security officers had probable cause. The remaining claims: assault, battery and intentional infliction of emotional distress, were submitted to the jury. The verdict, in favor of Irwin, was in the amount of $5,004.25. Irwin's Motion for New Trial was denied. He appeals.

■ Irwin contends, since the verdict was for $5,004.25, the exact amount of medical expenses he requested, it is inconsistent within itself and inadequate as a matter of law. He contends that the trial court erred in denying a new trial, and relies on 12 O.S.1981 § 651, which provides:

> A new trial is a reexamination in the same court, of an issue of fact, or of law, either or both, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party:
>
> \* \* \* \* \* \*
>
> Fourth. Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice.

■ There is no indication on the verdict that the sum given was for medical expenses only. A general verdict form was used by the jury. There was no objection to the forms of verdict submitted to the jury. Irwin first made this complaint in his Motion for New Trial. Absent a timely objection, he is deemed to have waived this issue. *Oxley v. City of Tulsa*, 794 P.2d 742 (Okl.1989).

If Irwin had preserved an objection for appeal, the verdict has not been shown to be inconsistent. To assume that the verdict represented only medical expenses and nothing for pain and suffering requires conjecture. In *Vickers v. Ittner*, 418 P.2d 700 (Okl.1966), a verdict was returned for the exact amount of medical expenses on a general verdict form. On appeal from a denial of a motion for new trial, the Court held that such a denial was not an abuse of discretion.

■ Irwin next contends the trial court erred in admitting evidence of his plea of *nolo contendere* to the charge of larceny of merchandise. It is generally correct that evidence of a plea of nolo contendere is not admissable in a later civil trial against the one who entered the plea. *Lee v. Knight*, 771 P.2d 1003 (Okl.1989).

■ Irwin moved in limine, prior to trial, to exclude evidence of his nolo contendere plea. However, he did not renew the objection during the trial. A trial objection is required to preserve the issue for appeal. *LPCX Corp. v. Faulkner*, 818 P.2d 431, 438 (Okl.1991), and *Zehner v. Post Oak Oil Co.*, 640 P.2d 991, 995 (Okl.App.1981). In addition, the first mention of Irwin's *nolo contendere* plea came in his opening statement and in Irwin's direct examination. This "opened the door". When Homeland's attorneys mentioned the plea, no objections were made either to the statements or the cross-examination. Issues not properly preserved at the trial court level will not be considered for the first time on appeal. *Bateman v. Glenn*, 459 P.2d 854 (Okl. 1969).

Irwin relies on 12 O.S.1981 § 2410 which, as effective at the time of the trial,[1] provided:

> Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or *a plea of nolo contendere*, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to, any

---

1. 12 O.S.1981 § 2410 was amended by the 1991 Oklahoma Legislature and, as amended, now appears as 12 O.S.1991 § 2410.

of the foregoing pleas or offers, *is not admissible in any civil or criminal proceeding against the person who made the plea* or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record and in the presence of counsel. (Emphasis supplied.)

 The quoted § 2410 is virtually identical with Fed.R.Evid. 410. In *Walker v. Schaeffer*, 854 F.2d 138, 142 and 143 (1988), the United States Court of Appeals, Sixth Circuit, said:

We hold that the pleas in state court made by defendants and the finding of guilt and imposition of fines by that court estop plaintiffs from now asserting in federal court that the defendant police officers acted without probable cause.

A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does.

\* \* \* \* \* \*

We do not consider our conclusion to be barred by Fed.R.Evid. 410, which provides that evidence of "a plea of nolo contendere" is not, "in any civil or criminal proceeding, admissible against the defendant who made the plea". This case does not present the kind of situation contemplated by Rule 410: the use of a nolo contendere plea against the pleader in a subsequent civil or criminal action in which he is the *defendant.*

\* \* \* \* \* \*

We find a material difference between using the nolo contendere plea to subject a former criminal defendant to subsequent civil or criminal liability and using the plea as a defense against those submitting a plea interpreted to be an admission which would preclude liability. Rule 410 was intended to protect a criminal defendant's use of the nolo contendere plea to defend himself from future civil *liability.* We decline to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts which would indicate no civil liability on the part of the arresting police.

While this federal decision is not binding authority, it is persuasive. We agree with, and adopt, the reasoning of the Sixth Circuit Court in the *Walker* case.

 Finally, Irwin contends that the trial court erred in sustaining Homeland's demurrer to the evidence on Irwin's false arrest claim. Plaintiff, in an action for false arrest has the burden of proving lack of probable cause for bringing a criminal action against him and is required to prove lack of probable cause. *Moore v. Target Stores*, 571 P.2d 1236 (Okl.App.1977); citing *Lewis v. Crystal Gas Co.*, 532 P.2d 431 (Okl.1975), and *Gray v. Abboud*, 184 Okl. 331, 87 P.2d 144 (1939).

 False arrest is the unlawful restraint of an individual against his will. *Alsup v. Skaggs Drug Center*, 203 Okl. 525, 223 P.2d 530 (1950). When considering a demurrer to the evidence, the appellate court examines the evidence in a light most favorable to the plaintiff. *Middlebrook v. Imler, Tenny & Kugler, M.D.'s, Inc.*, 713 P.2d 572 (Okl.1985). In this case, Irwin completely failed to sustain the burden of proof to show a lack of probable cause for the arrest. The trial court properly sustained the demurrer as to that portion of the action.

We are constrained to point out that the actions of the officers in making the arrest constitute an entirely different subject from that of "probable cause" to make the arrest. The trial court made the necessary distinction and submitted the issues relating to assault, battery and intentional infliction of emotional distress, to the jury.

AFFIRMED.

BAILEY and ADAMS, JJ., concur.