1998 OK CIV APP 32

**Debra DELONG, Plaintiff/Appellant,**

v.

**STATE of Oklahoma, ex rel. OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellee.**

No. 89911.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 24, 1998.

John P. Zelbst, Lawton, for Appellant.

W.A. Drew Edmondson, Attorney General, Wellon B. Poe, Assistant Attorney General, Oklahoma City, for Appellee.

JOPLIN, Judge.

¶ 1. Appellant Debra Delong (Delong) seeks review of the trial court's order granting summary judgment to Appellee State of Oklahoma, ex rel. Oklahoma Department of Public Safety (State) in Delong's action to recover damages for alleged false arrest/imprisonment. In this appeal, Delong asserts, in essence, that insofar as she bases her claims on the lack of probable cause for her arrest, her *nolo contendere* pleas to charges arising from her alleged unlawful arrest do not preclude her from pressing her claim as determined by the trial court. We disagree, and hold the trial court properly granted summary judgment to State.

¶ 2. The record submitted on summary judgment shows that an Oklahoma Highway Patrol Trooper stopped Delong after observing Delong allegedly operating her vehicle in an erratic manner. The trooper arrested Delong, and transported her to the Cotton County Jail, and Delong was charged with driving while under the influence of drugs, possession of marijuana, resisting an officer, obstructing a police officer in performance of his duties, attempted escape from detention, and failure to carry a bill of lading. On agreement for dismissal of the remaining charges, Delong later entered *nolo contendere* pleas to the charges of resisting an officer and attempted escape.

¶ 3. Delong then commenced the instant case against State, alleging "she was falsely arrested and imprisoned by ... Oklahoma Highway Patrol Troopers," and that "she was falsely accused of criminal acts by said officers, when in fact, the officers knew or should have known that the same was not true." State moved for summary judgment, and argued that while Oklahoma statutes indeed proscribe admission of evidence of a *nolo contendere* plea, the statutes should be interpreted to proscribe only the offensive use of such plea to establish a criminal defendant's civil liability for the underlying acts, not the defensive use of evidence of a *nolo contendere* plea to defeat a criminal defendant's civil claim asserted against a third person, and that Delong's *nolo contendere* plea to attempted escape admits the underlying probable cause for her detention, thus defeating her false arrest claim. In opposition to State's motion for summary judgment, Delong argued the officers had no probable cause for her initial stop and arrest on suspicion of driving under the influence, that her *nolo contendere* pleas to the charges of resisting arrest and attempted escape are not admissible, but that if her *nolo contendere* pleas are in fact deemed admissible, such pleas admit nothing about the officers' probable cause to initially stop and arrest her. The trial court agreed with State and granted summary judgment accordingly. Delong appeals, and the matter stands submitted for accelerated appellate review on the trial court record.[1]

¶ 4. To the extent Delong seeks to assert claims for both false arrest and false imprisonment, we first note:

[T]here is a distinction in the manner in which causes of action for false arrest and false imprisonment arise....:

In a false arrest, false imprisonment exists, but the detention is by reason of an asserted legal authority to enforce the processes of the law; in a false imprisonment, the detention is purely a matter be tween private persons for a private end, and there is no intention of bringing the person detained before a court, or of otherwise securing the administration of the law.

*McGlone v. Landreth,* 200 Okla. 425, 195 P.2d 268, 271 (1948). Inasmuch as Delong seeks recovery against a political subdivision of the state for the acts of its employees acting within the scope of their employment as law enforcement officers exercising their "asserted legal authority to enforce the processes of the law," we thus analyze Delong's claim as one for false arrest.

■■■ ¶ 5. In that regard, "[f]alse arrest is the unlawful restraint of an individual against his will. (Citations omitted.)" *Irwin v. SWO Acquisition Corp.,* 1992 OK CIV APP 48, ¶ 13, 830 P.2d 587, 590. "Plaintiff, in an action for false arrest has the burden of proving lack of probable cause for bringing a criminal action against him and is required to prove lack of probable cause. (Citations omitted.)" *Irwin,* 1992 OK CIV APP 48, ¶ 12, 830 P.2d at 590.

¶ 6. In *Irwin,* the Court of Appeals first recognized that the Oklahoma Evidence Code indeed proscribed admission of such a plea against a former criminal defendant. *See,* 12 O.S.1991 § 2410. *See also,* 22 O.S.1991 § 513. However, the Court of Appeals in *Irwin,* persuaded by a similar holding of the Sixth Circuit Court of Appeals, interpreted the purpose of these exclusionary rules to proscribe "offensive" use of a *nolo contendere* plea admission of the underlying facts to establish the criminal defendant's subsequent potential civil liability, *not* to proscribe "defensive" use of the admission against the criminal defendant in a case where the criminal defendant sought to recover damages for an alleged unlawful arrest, having admitted facts indicating no civil liability of the arresting officers. *See, Walker v. Schaeffer,* 854 F.2d 138, 142, 143 (6th Cir.1988) The Court of Appeals in *Irwin* thus held a *nolo contendere* plea admissible. 830 P.2d at 590.

■■■ ¶ 7. We are likewise persuaded by the *Walker* analysis as the proper analysis to be employed in our case. Under that rationale, Delong's *nolo contendere* pleas to the charges of resisting arrest and attempted

---

1. Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App.

escape from detention are admissible defensively, and admit the validity of those charges, thus likewise establishing probable cause for the arrest on those charges, and waiving any irregularities in the criminal proceedings including lack of probable cause. *See, e.g., Mack v. State,* 492 P.2d 670, 672 (Okla.Cr.1971). Moreover, the record contains the affidavit of the arresting officer on the charge of DUI establishing that the officer originally stopped Delong after having observed her "weaving on and off [the] road [and] lane straddling," and Delong offered no evidence concerning the operation of her vehicle contradicting the arresting officer's affidavit. This evidentiary material, uncontroverted as it is, coupled with the admission of facts and waiver of irregularities affected by entry of Delong's *nolo contendere* plea, establishes the arresting officer's probable cause to initially stop and arrest Delong, and absent evidentiary material to the contrary, is fatal to her claim of false arrest.

¶ 8. We therefore hold the trial court properly granted summary judgment to State. The order of the trial court granting summary judgment to State is therefore AFFIRMED.

BUETTNER, J., concurs.

HANSEN, P.J., dissents with separate opinion.

CAROL M. HANSEN, Judge, dissenting.

¶ 1 The majority fails to quote 12 O.S. 1991 § 2410. That statute is clear and unambiguous on its face. It provides, in relevant part:

A. ... evidence of the following is not, in *any* civil or criminal proceeding, admissible against the defendant who made the plea ...: (Emphasis added).

....

2. a plea of nolo contendere; [1]

¶ 2 The majority ignores the plain language of this statute and instead relies on the Sixth Circuit's flawed reasoning in *Walk-*

*er v. Schaeffer,* 854 F.2d 138 (6th Cir.1988)(*Walker*). In my view this reliance is ill-founded. I therefore dissent.

¶ 3 State's contention before the trial court was that it was entitled to summary judgment because Delong's "plea of nolo contendere supports the probable cause that existed at the time of the arrest and defeats her claim of 'false arrest'." [2] The trial court granted summary judgment for State, basing its decision on the legal arguments and reasoning in State's brief. The court found Delong was estopped by her pleas from asserting in this action that the arresting officer acted without probable cause in her arrest. I find that conclusion to be unsupported by a fair reading of our law.

¶ 4 In its brief, State conceded evidence of a plea of *nolo contendere* is not generally admissible in a later civil trial against one who entered the plea, citing as authority 12 O.S.1991 § 2410 and 22 O.S.1991 § 513. State argued, however, that such evidence may be used as a defense where the one who entered the plea is the *plaintiff,* rather than defendant, in a later civil action arising from the same facts. State relied in this argument on the Court of Appeals' holding in *Irwin v. SWO Acquisition Corp.,* 1992 OK CIV APP 48, 830 P.2d 587.

¶ 5 In *Irwin,* the Court of Appeals found the plaintiff Irwin had not preserved for appellate review his contention the trial court erred in allowing evidence of his plea of *nolo contendere* to a larceny of merchandise charge. The *Irwin* Court nonetheless, in a form of *dictum,* discussed Irwin's contention, and in that regard adopted the reasoning of the Sixth Circuit Court of Appeals in *Walker.*

¶ 6 In *Walker,* the Sixth Circuit Court of Appeals interpreted Rule 410 (FRE 410), Federal Rules of Evidence, which, except for immaterial alterations, is identical to 12 O.S 1991 § 2410. With facts similar to the matter now before this Court, the Sixth Circuit found pleas of *nolo contendere* to charges of disorderly conduct and reckless driving did

---

1. Prior to amendment of § 2410 in 1991, it provided evidence of *nolo contendere* pleas was not admissible in any *"proceeding against the person who made the plea or offer".* (Emphasis added).

2. Probable cause is requisite to a valid arrest. *Overall v. Dept. of Public Safety,* 1995 OK CIV APP 107, 910 P.2d 1087.

"estop plaintiffs from ... asserting in federal court that the defendant police officers acted without probable cause" in arresting the plaintiffs. The *Walker* court held this conclusion was not barred by FRE 410. The court reasoned:

> ... This case does not present the kind of situation contemplated by Rule 410: the use of a nolo contendere plea against the pleader in a subsequent civil or criminal action in which he is the defendant.... Accordingly, use of the no-contest plea for estoppel purposes is not "against the defendant" within the meaning of Fed. R.Evid. 410. The use would be more accurately characterized as "for" the benefit of the "new" civil defendants, the police officers.... We decline to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts which would indicate no civil liability on the part of the arresting police.

¶ 7 The Oklahoma Court of Appeals in *Irwin* recognized the *Walker* decision was not binding authority, but, *like the majority here,* found the Sixth Circuit Court's reasoning persuasive. While I am not unsympathetic to the Sixth Circuit Court's underlying rationale—that one should not be allowed to profit from his wrongdoing—I am unpersuaded by its ultimate legal conclusion on this question, a question of statutory construction.

¶ 8 Because § 2410 is clearly unambiguous, the requisite plain language reading can lead to no other conclusion than that § 2410 precludes admission of evidence of a *nolo contendere* plea for any purpose, even when the one entering the plea is the plaintiff in a later civil action. The majority erroneously interprets § 2410 to give it a meaning which is in conflict with what the statute clearly dictates. This Court may only construe a statute if the intent of the Legislature is not clear. *Cox v. Dawson,* 1996 OK 11, 911 P.2d 272. In that § 2410 is *unambiguous,* this Court has no basis to inquire into the Legislative intent, and, more to the point, has no business amending a Legislative enactment because it does not like the result.

¶ 9 I find nothing in a plain meaning reading of § 2410 which leads me to the conclusion the *Walker* court reached in construing the same language in FRE 410. That language in clear terms bars use of a plea of *nolo contendere* **against** the defendant who made the plea. If admission of such a plea into evidence acts to block the one who made the plea from proceeding in an action, as the trial court determined here, such evidence is, *ipso facto,* admitted *against* the party who made the plea. Whether the evidence is *for* the adversarial party is of no consequence.

¶ 10 With the exception of the *Irwin* court, and even though the language of FRE 410 has been widely adopted, I can find no other court that concurs in the interpretation given FRE 410 in *Walker.* In *Levin v. State Farm Fire & Casualty Co.,* 735 F.Supp. 236 (E.D.Mich.1990), the federal district court did follow *Walker* because it was precedentially bound, but in doing so *expressly disagreed* with the Sixth Circuit Court's interpretation of FRE 410. In *Levin,* the plaintiff, who entered a *nolo contendere* plea to arson, sued for insurance proceeds for the fire damage to his house.

¶ 11 Similar facts were before the Supreme Court of Michigan in *Lichon v. American Universal Insurance Co.,* 435 Mich. 408, 459 N.W.2d 288 (1990). The Supreme Court in *Lichon* also *expressly disagreed* with the Sixth Circuit's interpretation of FRE 410 and declined to follow it. The trial court in *Lichon* had ruled Lichon was estopped by his *nolo contendere* plea and conviction from disclaiming responsibility for fires that burned his store. The Michigan Supreme Court reversed, holding Lichon was not estopped, relying in large measure on Michigan's counterpart to our § 2410.

¶ 12 The Michigan Supreme Court notes a *nolo contendere* plea does not admit guilt, and that its primary purpose is to avoid potential future repercussions which could be caused by an admission of liability, particularly repercussions in potential future civil litigation. The Court further notes, by allowing a criminal defendant to enter a plea that is not admissible against him in a future criminal or civil action, the rules facilitate

plea bargaining and the concomitant speedy resolution of criminal cases.

¶ 13   The rule construed by the Michigan Supreme Court in *Lichon,* MRE 410, is substantially the same as FRE 410 prior to its amendment in 1980, and § 2410, prior to its amendment in 1991.[3]   The Michigan rule provided that evidence of, *inter alia,* a plea of *nolo contendere,* was not admissible "in any civil or criminal *proceeding against the person* who made the plea". (Emphasis added).   The *Lichon* Court, noting MRE 410 was based on FRE 410, found its interpretation was supported by the history of the federal rule.   In its review of that history, the Michigan Supreme Court also found the advisory committee notes to the 1980 amendment to FRE 410:

> ... thus make it clear that the original language of FRE 410 was not intended to qualify the admission of a nolo contendere plea upon the type of proceeding in which it is offered, but, rather, on the purpose for which that evidence is offered.

¶ 14   The Michigan Court then concluded that both the pre-amendment and postamendment versions of FRE 410 were applicable to bar use of a *nolo contendere* plea regardless of the nature of the proceeding. Having reached that conclusion, the Michigan Supreme Court declined to follow *Walker,* concluding its holding could lead to illogical results.

¶ 15   As an example, the *Lichon* Court posited the following possible scenario, [1] the insurer paid the insured, [2] the insured then entered his plea of *nolo contendere,* and [3] the insurer brought an action for restitution of the policy proceeds, making the insured the defendant.   Under *Walker,* the insurer in this scenario would not be able to use the plea against the insured because he would be a defendant, but that offered use would be indistinguishable from the use the trial court made of Lichon's plea where he was the plaintiff.   The *Lichon* Court suggests, and I agree, the more logical distinction made in MRE 410, and in § 2410, is one

based on the use a party makes of the *nolo contendere* plea, not on the status of the pleader in a subsequent litigation.

¶ 16   My view of the limits on use of *nolo contendere* pleas is further supported by 22 O.S.1991 § 513, which sets forth the pleas allowed in our criminal procedure, including:

> ... Nolo contendere, subject to the approval of the court.   The legal effect of such plea shall be the same as that of a plea of guilty, but the plea *may not be used against the defendant* as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based....   (Emphasis added).[4]

¶ 17   Section 513 places an even more restrictive use on *nolo contendere* pleas than § 2410.   In the matter now before this Court, the trial court allowed the use of Delong's plea as an admission that State had probable cause in her arrest.   I find that use contrary to the § 513 prohibition on use of a *nolo contendere* plea *against* the criminal defendant.   Section 513 was amended in 1976 to first recognize the use of *nolo contendere* pleas in a criminal proceeding.   If the Legislature had intended to restrict use of such pleas only where the criminal defendant was also a defendant in a later civil action, it would have been simple to do so.   There is no ambiguity regarding what the Legislature intended in either § 2410 or § 513.

¶ 18   If public policy demands that evidence of a *nolo contendere* plea should be allowed where the criminal defendant becomes a civil *plaintiff,* that is a matter for our Legislature to determine.   I note the Michigan Legislature did amend MRE 410 in 1991, subsequent to the *Lichon* decision. The amended language comports to the present FRE 410, *except* MRE 410 allows, to the extent that evidence of a guilty plea would be admissible, evidence of a plea of nolo contendere to be admitted in a civil proceeding to support a defense against a claim asserted by the person who entered the plea.

---

3.   *See,* note 2.

4.   *Also see,* 12 O.S.1991 § 2803(22), (evidence of a final felony conviction is not excluded by the

hearsay rule, except where the judgment is entered upon a plea of *nolo contendere.)*

¶ 19 Delong does not attempt to use her plea to prove State's liability. She argues only that the *nolo contendere* pleas may not be used *against* her to defeat her claim. I would hold that under our present statutes they may not. The trial court erred in its legal conclusion that Delong admitted the propriety of her arrest when she entered pleas of *nolo contendere* and that by such pleas she waived any irregularity in her arrest. Evidence of Delong's pleas is not admissible against her, and may not be used against her as an admission against interest.

¶ 20 Summary judgment is appropriate only where it appears there is no substantial controversy as to any material fact, and that a party is entitled to judgment as a matter of law. *First State Bank v. Diamond Plastics,* 1995 OK 21, 891 P.2d 1262. Having found the trial court erred in its determination based on the *only* theory propounded by State, I can find no remaining basis for summary judgment. I would reverse the trial court's judgment and remand this matter to the trial court for further proceedings.