925 So.2d 1070 (2006)
Karl BEHM and Marilyn Behm, Appellant,
v.
Timothy CAMPBELL, Michael Kelly, et al., Appellee.
No. 5D05-2200.
District Court of Appeal of Florida, Fifth District.
March 10, 2006.
Michael W. Woodward, of Keyser & Woodward, Interlachen, for Appellant.
*1071 John W. Jolly, Jr., of Jolly & Peterson, Tallahassee, for Appellee.
SHARP, W., J.
Karl Behm and his wife, Marilyn, appeal from a final summary judgment in favor of the Sheriff of Putnam County and Putnam County Deputies Michael Kelly, Timothy Campbell and Joseph Azula. The Behms sued the Sheriff and deputies for battery, false arrest/imprisonment and trespass after Behm was arrested by one of the deputies. However, because Behm entered a no contest plea to resisting the arrest, in the criminal case, he is foreclosed from suing the Sheriff and deputies in a civil action for damages arising from the same incident.
The record reflects that on December 12, 2000, the deputies responded to a disturbance call involving possible gunshots. According to their reports, the deputies saw Behm's truck leaving the area and attempted to stop him. Behm did not stop and instead drove to his residence. The deputies told Behm he was going to be detained until they finished their investigation. Behm told the deputies they were trespassing.
The deputies spotted a rifle in Behm's truck and what appeared to be a bullet hole on the passenger side. Behm said he was going inside his house and turned to leave. Campbell stepped in front to prevent Behm from leaving and Behm tried to hit Campbell. The deputies then forced Behm to the ground. He resisted and they pepper sprayed him.[1]
Behm was arrested for resisting arrest with violence. Later an information was filed charging him with resisting Deputy Campbell "in the lawful execution of a legal duty." Behm entered a plea of no contest to the lesser included offense of resisting arrest without violence, in violation of section 843.02,[2] and adjudication of guilt was withheld.
Behm and his wife then sued the Sheriff[3] and deputies Campbell, Kelly and Azula, for battery, false arrest/imprisonment and trespass. The Behms sought damages arising out of the same incident as the one involved in the criminal case against Behm.[4] Both sides ultimately moved for summary judgment.
At the summary judgment hearing, Behm argued the deputies had no probable cause, no reasonable suspicion and no legal basis for staying on his property after he *1072 asked them to leave. Defense counsel argued that Behm's no contest plea estopped him from contending the underlying arrest was unlawful.
The trial court granted the defendants' motion for summary judgment but allowed Behm to amend his battery count to allege excessive force. Behm apparently chose not to amend his complaint and final judgment was entered in the defendants' favor.
Under Florida law, Behm's no contest plea constituted a "conviction" even though adjudication of guilt was withheld. See Montgomery v. State, 897 So.2d 1282 (Fla.2005) (defendant's no contest pleas with adjudication of guilt withheld constituted prior "convictions" under the sentencing guidelines); § 960.291(3), Fla. Stat. ("Conviction" means a guilty verdict by a jury or judge, or a guilty or nolo contendere plea by a defendant, regardless of adjudication of guilt).
A judgment of conviction is conclusive evidence of probable cause, unless the judgment was obtained by fraud, perjury, or other corrupt means. Moody v. City of Key West, 805 So.2d 1018 (Fla. 3d DCA 2001); Carter v. City of St. Petersburg, 319 So.2d 602 (Fla. 2d DCA 1975). Here there is no evidence or even an allegation that Behm's plea was obtained by any corrupt means. Thus Behm's conviction established probable cause for his arrest.
By virtue of his criminal conviction for resisting arrest, Behm is foreclosed from collaterally attacking the legality of that arrest in a civil action. See Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the Supreme Court held that a plaintiff could not bring an action under 42 U.S.C.1983 after having been convicted of a criminal offense stemming from the same act that is the basis of the civil lawsuit:
We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. (footnote omitted)
512 U.S. at 486-487, 114 S.Ct. 2364.
As an example of a situation involving a claim for damages caused by actions "whose unlawfulness would render a conviction or sentence invalid," the Court cited the following:
An example of this latter category  a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful  would be the following: A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest. (This is a common definition of that offense. See People v. Peacock, 68 N.Y.2d 675, 505 N.Y.S.2d 594, 496 N.E.2d 683 (1986); 4 C. Torcia, Wharton's Criminal Law § 593, p. 307 (14th ed.1981).) He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to *1073 negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata, see n. 2, supra, the § 1983 action will not lie.
512 U.S. at 487, n. 6, 114 S.Ct. 2364.
This is precisely the situation here. Behm was convicted of resisting arrest without violence, a conviction which established the legality of his arrest. In order to prevail in his civil action for false arrest/imprisonment, trespass and battery, he would have to negate an element of the offense of which he has been convicted. Such a collateral attack on the conviction through the vehicle of a civil suit is not permitted. Heck. See also Abella v. Rubino, 63 F.3d 1063 (11th Cir.1995) (Court's purpose in Heck was to limit the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues).
Since Behm was convicted of resisting arrest, he cannot now sue the Sheriff and deputies claiming that very arrest was unlawful. Thus summary judgment was properly entered in the defendants' favor. See Moody v. City of Key West, 805 So.2d 1018 (Fla. 3d DCA 2001) (summary judgment in favor of defendants was properly entered insofar as plaintiff based his section 1983 claims and state law claims on wrongful arrest or wrongful detention where plaintiff pled to battery and resisting arrest in the criminal case, plaintiff cannot now sue the police alleging that very arrest and detention were wrongful); Epstein v. Toys-R-Us Delaware, Inc., 277 F.Supp.2d 1266 (S.D.Fla.2003), affirmed, 116 Fed.Appx. 241 (11th Cir.2004) (in action against police officers and others by customer who was arrested for disorderly conduct at store, officers were entitled to final summary judgment on state law claims for false arrest/false imprisonment where plaintiff had pled no contest to a charge of resisting arrest without violence arising from the incident).
Contrary to Behm's argument, his claims against the deputies are all related to the lawfulness of his arrest. Since the lawfulness of the deputies' actions has been established by the criminal proceeding, Behm has no claim for false arrest or trespass. And, as pleaded, Behm's battery claim involves acts that are simply part of the arrest process and thus does not involve a separate tort. Lester v. City of Tavares, 603 So.2d 18 (Fla. 5th DCA 1992) (acts taken by police officer to make physical arrest and officer's preparation of arrest affidavit did not give rise to independent tort claims for battery and libel since acts were no more than ordinary incidents of arrest).
We also reject Behm's argument that section 90.410 prohibits consideration of his criminal case as a defense to this lawsuit. This section provides:
90.410. Offer to plead guilty; nolo contendere; withdrawn pleas of guilty
Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceeding. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under chapter 837 [perjury].
We could not locate any Florida cases directly on point but rely on cases construing comparable federal[5] and state rules. *1074 For example, in Alatraqchi v. City and County of San Francisco, 2001 WL 637429 (N.D.Cal. May 30, 2001), the plaintiff was arrested on several charges and entered a no contest plea to a charge of disturbing the peace. The plaintiff then filed suit against the arresting officer Payne and others for false arrest and false imprisonment.
The district court granted the officer's motion for summary judgment. In so doing, the court rejected the plaintiff's argument that Federal Rule of Evidence 410 barred consideration of his plea:
Plaintiff argues that his "no contest" plea is irrelevant and cannot be considered by the court, because under Federal Rule of Evidence 410, a nolo contendere plea is not admissible at trial as evidence against him. Plaintiff's argument misstates the law. Rule 410 prohibits the use of a "no contest" plea, against the defendant who made the plea, as an admission or as evidence of guilt in another proceeding. In this case, however, Payne does not seek to use plaintiff's plea against plaintiff as an admission or as evidence of guilt. Under Heck, plaintiff's "no contest" plea is significant merely by the fact of its existence, and by the fact that it resulted in a criminal conviction. The Supreme Court has ruled that a plaintiff has no § 1983 claim if such claim would necessarily imply the invalidity of the plaintiff's conviction.
2001 WL 637429, p. 2.
In Walker v. Schaeffer, 854 F.2d 138 (6th Cir.1988), the plaintiffs entered no contest pleas (one to disorderly conduct and the other to reckless driving), were found guilty and sentenced to pay a fine in state court. The plaintiffs later sued the arresting officers in federal court for false arrest, detention, and imprisonment.
The Court of Appeals held that the pleas in state court and the finding of guilt and imposition of fines by that court estopped the plaintiffs from asserting in federal court that the police officers acted without probable cause. The court also held that Federal Rule of Evidence 410 did not bar consideration of the plaintiffs' pleas:
We do not consider our conclusion to be barred by Fed.R.Evid. 410, which provides that evidence of "a plea of nolo contendere" is not, "in any civil or criminal proceeding, admissible against the defendant who made the plea." This case does not present the kind of situation contemplated by Rule 410: the use of a nolo contendere plea against the pleader in a subsequent civil or criminal action in which he is the defendant. See, e.g., United States v. Manzella, 782 F.2d 533 (5th Cir.), cert. denied, 476 U.S. 1123, 106 S.Ct. 1991, 90 L.Ed.2d 672 (1986) (use of nolo contendere plea to impeach defendant in subsequent *1075 criminal prosecution). In this case, on the other hand, the persons who entered prior no-contest pleas are now plaintiffs in a civil action. Accordingly, use of the no-contest plea for estoppel purposes is not "against the defendant" within the meaning of Fed.R.Evid. 410. This use would be more accurately characterized as "for" the benefit of the "new" civil defendants, the police officers.
We find a material difference between using the nolo contendere plea to subject a former criminal defendant to subsequent civil or criminal liability and using the plea as a defense against those submitting a plea interpreted to be an admission which would preclude liability. Rule 410 was intended to protect a criminal defendant's use of the nolo contendere plea to defend himself from future civil liability. We decline to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts which would indicate no civil liability on the part of the arresting police. (emphasis in original)
854 F.2d at 143.
In Delong v. State ex rel. Oklahoma Dept. of Public Safety, 956 P.2d 937 (Okla. Civ.App.1998), the court held that the plaintiff's no contest pleas to the charges of resisting arrest and attempted escape from detention were admissible defensively in her lawsuit for false arrest/imprisonment. The plaintiff's pleas admitted the validity of the charges, established probable cause for her arrest on those charges, and waived any irregularities in the criminal proceedings including lack of probable cause. As to the plaintiff's claim her pleas were inadmissible, the court stated:
In [Irwin v. SWO Acquisition Corp., 830 P.2d 587 (Okla.App.1992)], the Court of Appeals first recognized that the Oklahoma Evidence Code indeed proscribed admission of such a plea against a former criminal defendant. See, 12 O.S.1991 § 2410. See also, 22 O.S.1991 § 513. However, the Court of Appeals in Irwin, persuaded by a similar holding of the Sixth Circuit Court of Appeals, interpreted the purpose of these exclusionary rules to proscribe "offensive" use of a nolo contendere plea admission of the underlying facts to establish the criminal defendant's subsequent potential civil liability, not to proscribe "defensive" use of the admission against the criminal defendant in a case where the criminal defendant sought to recover damages for an alleged unlawful arrest, having admitted facts indicating no civil liability of the arresting officers. See, Walker v. Schaeffer, 854 F.2d 138, 142, 143 (6th Cir.1988). The Court of Appeals in Irwin thus held a nolo contendere plea admissible.
956 P.2d at 938.
We conclude that section 90.410, like its federal and state counterparts, would not bar consideration of Behm's conviction simply because it was based on a no contest plea. Section 90.410 seems intended to protect the criminal defendant who pleads no contest from future liability. It does not appear to us that it was intended to shield a defendant from his own actions in entering a no contest plea in a criminal setting and then repudiating that declaration in a civil setting. See Starr Tyme, Inc. v. Cohen, 659 So.2d 1064, 1068 (Fla. 1995) (section 90.410 speaks only to the admission into evidence of the plea itself; it does not address the collateral estoppel effect of a final judgment resulting from the plea).
AFFIRMED.
TORPY and LAWSON, JJ., concur.
NOTES
[1] According to Behm, he told the deputies they were trespassing and asked them to leave. They refused to do so. When Behm turned to go to his house, they grabbed him, struck him and pepper sprayed him.
[2] 843.02. Resisting officer without violence to his or her person

Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; county probation officer; parole and probation supervisor; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
Resisting arrest without violence is a permissive lesser included offense of resisting arrest with violence. Kirk v. State, 708 So.2d 636 (Fla. 5th DCA 1998).
[3] At the time Behm filed his lawsuit, Taylor Douglas was the Sheriff. Daniel Kelly was later elected Sheriff and was substituted for Douglas.
[4] Marilyn's claims were for loss of consortium.
[5] Rule 410. Inadmissibility of Pleas, Plea Discussions, and Related Statements

Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
(1) a plea of guilty which was later withdrawn;
(2) a plea of nolo contendere;
(3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or
(4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.
However, such a statement is admissible (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record and in the presence of counsel.