**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROY L. JACKSON,

      Plaintiff-Appellant,

  v.

JAMES LOFTIS; DARLENE
CRUTCHFIELD; TULSA COUNTY
and TULSA COUNTY
COMMISSIONERS,

      Defendants-Appellees.

Nos. 05-5050, 05-5225
(D.C. No. 04-CV-420-K)
(N. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **BRORBY**, Circuit Judges.

Plaintiff Roy L. Jackson was arrested by defendant James Loftis, a state

patrolman, and charged with two traffic offenses and obstructing an officer. He

later pled nolo contendere to the charges before defendant Darlene Crutchfield,

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Special District Judge for the Tulsa County District Court, who imposed fines and a six-month deferred sentence. Plaintiff then brought this civil rights suit under 42 U.S.C. § 1983, broadly claiming that the charges against him were false and served as a pretext for racial profiling. More specifically as to Judge Crutchfield, plaintiff alleged that she had informed him, erroneously, that a jury trial on the charges would be scheduled on November 21, 2003, prompting his plea on that date. He also sought to impute responsibility for Judge Crutchfield's actions to defendants Tulsa County and Tulsa County Commissioners on agency principles. The district court dismissed the case against Judge Crutchfield based on absolute judicial immunity. It later granted summary judgment to the County defendants for lack of an agency relationship with Judge Crutchfield, and dismissed the case against Officer Loftis as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff commenced appeal No. 05-5050 following the entry of final judgment on March 29, 2005, and later filed appeal No. 05-5225 after the denial of a motion for relief from judgment under Fed. R. Civ. P. 60(b).

Before addressing the merits, we clarify a procedural point that has led to confusion in the Attorney General's briefing on behalf of Officer Loftis. The Attorney General insists that plaintiff's arguments regarding the application of *Heck* to his claim against Officer Loftis are jurisdictionally misdirected, in that the only appeal touching on that part of the case is from the denial of plaintiff's Rule 60(b) motion and such an appeal brings up for review "only the . . . order

-2-

denying the motion, and not the underlying decision itself," *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). But plaintiff's first appeal, from the entry of final judgment, suffices to put before us all prior orders. *See, e.g., Montgomery v. City of Ardmore*, 365 F.3d 926, 934 (10th Cir. 2004). Thus, we have jurisdiction to review the initial order dismissing the case against officer Loftis in addition to the subsequent order denying plaintiff's motion for Rule 60(b) relief relating to the same order.

## Dismissal of Judge Crutchfield

Plaintiff argues that his claim against Judge Crutchfield should not have been dismissed on the basis of judicial immunity for two reasons: (1) judicial immunity bars only damage claims and his pleadings sought equitable relief as well as damages; and (2) judicial immunity does not apply to actions taken without jurisdiction and Judge Crutchfield, as a Special District Judge, lacked authority under state law to set a trial date in his case. We need not delve into these matters of remedy and judicial duties, however, as we hold that plaintiff could not state a colorable claim based on the conduct of Judge Crutchfield in any event. He cites no authority, and we are aware of none, to suggest that the mere act of noticing a trial date setting for a pending state prosecution could constitute a violation of the accused's federal rights. Even if Judge Crutchfield somehow erred or technically overstepped her authority under state law, "'a violation of state law alone does not give rise to a federal cause of action under § 1983.'"

*Whitesel v. Sengenberger*, 222 F.3d 861, 873 (10th Cir. 2000) (quoting *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994)).

### Summary Judgment for County Defendants

The district court held that the Tulsa County defendants could not be held liable for actions taken by Judge Crutchfield, because the judge was a state, not a Tulsa County, employee. This legal point is supported by both constitutional and statutory provisions, which reflect that compensation and oversight of district judges is effected at the state level. *See* Okla. Const. Art. VII, § 11(a) (directing that district judges shall be paid by state unless legislature provides otherwise); Okla. Stat. Ann. tit. 20, § 92.1A (codifying state legislature's specification of district judge salaries); Okla. Const. Art. VII, § 6 (vesting state supreme court with general administrative authority over courts of state); *cf.* Okla. Const. Art. XVII, § 2 (designating county officers, which include county judges but not district judges). Plaintiff offers no contrary authority.

Rather, he advances a meritless evidentiary argument, insisting that the County's summary judgment motion should have been denied "because it was solely supported by affidavits of hostile & interested parties." Aplt. Opening Br. (Appeal No. 05-5050) at 5. It is true that a court ruling on summary judgment "'must disregard all evidence favorable to the moving party that the jury is not required to believe,'" *Gossett v. Okla. ex re. Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1175 (10th Cir. 2001) (quoting *Reeves v. Sanderson Plumbing*

-4-

*Prod., Inc.*, 530 U.S. 133, 151 (2000)), and, thus, a party is entitled to summary judgment on a matter it must prove on the strength of its own evidence only if such evidence "is uncontradicted and unimpeached . . . [and] comes from disinterested witnesses," *Reeves*, 530 U.S. at 151 (quotation omitted). But while Judge Crutchfield, who probably cannot be characterized as disinterested, did submit an affidavit for the County averring that she was a state employee, the disposition of the County's motion was in any event fully supported by the controlling legal authority noted above (much of which was cited by the County and relied on by the district court). In short, Judge Crutchfield's affidavit was not necessary to the success of the County's motion and, hence, any objection to the affidavit is immaterial to the ruling under review.

Moreover, in light of our disposition of plaintiff's claim against Judge Crutchfield, there is an additional legal deficiency evident in his claim against the County. We have held that no colorable federal claim has been asserted against the judge; consequently, no derivative claim against the County is possible. *See Livsey v. Salt Lake County*, 275 F.3d 952, 958 (10th Cir. 2001).

**Dismissal of Officer Loftis**

Plaintiff alleged that Officer Loftis arrested him on false charges as a pretext for racial profiling. The district court held these allegations implicated the principle, established in *Heck*, that a § 1983 claim calling into doubt a criminal conviction cannot be maintained unless and until the plaintiff has

successfully challenged the affected conviction through habeas review. Noting that five Justices indicated in *Spencer v. Kemna*, 523 U.S.1 (1998), that *Heck* should apply only when habeas relief is actually available to the § 1983 plaintiff, *see Dible v. Scholl*, 410 F. Supp 2d 807, 814-22 (N.D. Iowa 2006) (setting out comprehensive discussion of *Heck*, *Spencer*, and subsequent case law), plaintiff contends that the district court erred in applying *Heck* at a time when, given the short duration of his deferred sentence, he could not have satisfied the custody requirement for habeas jurisdiction. While there are some court decisions that would appear to support this contention, *see Dible*, 410 F. Supp 2d at 822-23, and some that would not, *see id.* at 820-22, this court has yet to address the matter, *see Jiron v. City of Lakewood*, 392 F.3d 410, 413 n.1 (10th Cir. 2004). And we decline to do so here, as there is a patent legal deficiency evident from the pleadings that obviates our consideration of *Heck*.[1] *See generally Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) (noting that we may affirm on any legal ground).

---

[1] We also note that false arrest claims generally do not implicate *Heck*, because improprieties in arrest typically do not undermine the validity of an ensuing conviction. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999); *see Price v. Philpot*, 420 F.3d 1158, 1163 n.3 (10th Cir. 2005). However, given the particular nature of plaintiff's claim – that his arrest was improper *because he had not committed the alleged offenses* – this may be the exceptional false arrest case that satisfies the "necessarily called into doubt" condition for invoking *Heck*. Again, we need not resolve this point about the applicability of *Heck*, in light of the facial legal insufficiency of plaintiff's pleadings.

The complaint recites that plaintiff was convicted of the charged offenses based on his nolo contendere plea. In Oklahoma, a nolo contendere plea "has the same legal effect as a guilty plea." *Morgan v. State*, 744 P.2d 1280, 1281 (Okla. Crim. App. 1987); *see also Burnham v. State*, 43 P.3d 387, 389 n.1 (Okla. Crim. App. 2002) (noting that "a plea of nolo contendere is the functional equivalent of a plea of guilty"). Such a plea "admit[s] the validity of th[e] charges," *DeLong v. State ex rel. Okla. Dep't of Public Safety*, 956 P.2d 937, 939 (Okla. Civ. App. 1998), and, thus, precludes a later assertion of factual innocence, *Braun v. State*, 937 P.2d 505, 514 n.15 (Okla. Crim. App. 1997). More to the point, a plea of nolo contendere to criminal charges, and the consequent adjudication of guilt thereon, estop the defendant from later disputing the validity of those charges as a basis to deny the existence of probable cause for his arrest. *Irwin v. SWO Acquisition Corp.*, 830 P.2d 587, 590 (Okla. Civ. App. 1992); *see DeLong*, 956 P.2d at 938-39 (reaffirming *Irwin*).[2] There is a proscription on the use of nolo contendere pleas in subsequent civil proceedings, *see* Okla. Stat. Ann. tit 12,

_____

[2]     We concluded in *Slayton v. Willingham*, 726 F.2d 631, 634 (10th Cir. 1984), that Oklahoma would not give preclusive effect to a nolo contendere plea to bar claims for illegal search, false arrest, and excessive force, but that was without the benefit of *Irwin* and *DeLong*. Moreover, *Slayton's* analysis focused on search claims, which are functionally distinct from false arrest claims, at least of the sort asserted here. We noted that when an offense is established by plea, "[i]llegally seized evidence . . . does not enter the case" – thus, conviction and search are unrelated and the validity of the former should carry no preclusion consequences for the latter. *Slayton*, 726 F.2d at 634. Here, plaintiff challenges his arrest on the basis that he *did not commit the charged offenses* – a claim that is directly repudiated by a plea admitting the validity of those offenses.

§ 2410, and Okla. Stat. Ann. tit. 22, § 513, but it applies only to "'offensive' use . . . to establish the criminal defendant's subsequent potential civil liability, *not* to . . . 'defensive' use . . . in a case where the criminal defendant [has] sought to recover damages for an alleged unlawful arrest." *DeLong*, 956 F.2d at 938 (following *Irwin*, 830 P.2d at 590).

Under *Allen v. McCurry*, 449 U.S. 90, 96 (1980), the above principles are controlling in this § 1983 action. *See, e.g.*, *Franklin v. Thompson*, 981 F.2d 1168, 1170-71 (10th Cir. 1992) (applying Oklahoma preclusion rules to hold plaintiff's conviction for disorderly conduct, based on arresting officer's account, precluded § 1983 claim for false arrest); *Hubbert v. City of Moore*, 923 F.2d 769, 772-73 (10th Cir. 1991) (applying Oklahoma preclusion rules to hold probable cause finding made in preliminary hearing precluded § 1983 claim for false arrest). Plaintiff cannot now challenge the existence of probable cause for, and hence the validity of, his arrest on charges he conclusively admitted were valid.[3]

Plaintiff's conclusory attribution of his false arrest to "racial profiling" does not alter our conclusion. "[B]ald assertions of racist motivations on the part

---

[3]    While the terminology used has varied somewhat, many cases reflect the basic notion that a conviction, by plea or trial, that establishes probable cause for arrest, as plaintiff's plea does here, is conclusive on the issue in later civil rights litigation. *See, e.g.*, *Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir. 1996); *Maietta v. Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996); *Preast v. McGill*, 65 F. Supp 2d 395, 409 & n.10 (S.D. W. Va. 1999). In *Howard v. Dickerson*, 34 F.3d 978, 981 (10th Cir. 1994), we noted this principle and indicated that it could (depending on state law) bar a § 1983 false arrest claim where the plaintiff had pled nolo contendere, though we did not resolve the appeal on that basis.

of [an arresting officer] do not render his conduct unconstitutional. The Supreme Court rejected 'the principle that ulterior motives can invalidate police conduct that is justifiable on the basis of probable cause to believe that a violation of the law has occurred.'" *Conrod v. Davis*, 120 F.3d 92, 96 (8th Cir. 1997) (quoting *Whren v. United States*, 517 U.S. 806, 811 (1996)); *see also Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1247 (7th Cir. 1994); *Smith v. Gonzales*, 670 F.2d 522, 527 (5th Cir. 1982).

Of course, "the Constitution prohibits selective enforcement of the law based on considerations such as race," *Whren*, 517 U.S. at 813, but no selective enforcement claim, distinct from the barred false arrest claim, was asserted here. Plaintiff did not allege that black suspects were treated any differently than white suspects. *See United States v. Armstrong*, 517 U.S. 456, 466 (1996) (explaining crux of selective enforcement claim is differential treatment of similarly situated parties). *See generally Jennings v.City of Stillwater*, 383 F.3d 1199, 1214 (10th Cir. 2004) (noting civil rights claims for selective prosecution are governed by standards explained in *Armstrong*). Rather, his claim has simply been that *he* was *not an offender* – a claim that, as we have seen, he is legally barred from asserting in light of his plea. To make the same point another way, a selective enforcement claim requires a discriminatory purpose and a discriminatory effect, *Armstrong*, 517 U.S. at 466, and plaintiff's only allegation regarding a discriminatory

effect – that he was falsely arrested for offenses he did not commit – is, again, conclusively negated by his plea.

Finally, plaintiff's appeal from the denial of his Rule 60(b) motion, which just re-argued the *Heck - Spencer* issue raised in connection with Officer Loftis' motion to dismiss, does not require additional discussion. Given our affirmance of the underlying dismissal order on grounds not requiring reliance on *Heck*, the substance of plaintiff's appeal from the denial of Rule 60(b) relief is moot.

The judgment of the district court is AFFIRMED. Plaintiff's "Motion in the Alternative for Writ of Mandamus," asking this court "to treat his Appeals as a Writ of Mandamus if said appeals are [jurisdictionally] defective," is DENIED as moot.

Entered for the Court

Mary Beck Briscoe
Circuit Judge