ALTENBERND, Judge,
Concurring.
I concur in the decision to affirm the denial of Mr. Demers’ postconviction motion to withdraw his plea. I write to comment that it is not obvious to me that Mr. Demers would have had a better chance in a lawsuit alleging false arrest against the police officer who arrested him for battery on a law enforcement officer if he had pleaded no contest as compared to guilty. The difference between these two pleas in modern practice is slight. See Behm v. Campbell, 925 So.2d 1070, 1071 (Fla. 5th DCA 2006) (holding that arrestee who pleaded no contest to resisting arrest was foreclosed from collaterally attacking the legality of that arrest in a civil action); see also Montgomery v. State, 897 So.2d 1282 (Fla.2005). Mr. Demers’ business opportunities are undoubtedly most affected by the fact that the trial court withheld adju *636 dication, preventing him from being treated as a convicted felon. This plea occurred as the jury was ready to be sworn for a trial in which Mr. Demers planned to represent himself. The trial court prudently urged the State to make a final effort to negotiate a plea and carefully explained to Mr. Demers the benefit of the State’s offer to allow the trial court to withhold adjudication.